1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRADLEY ARANT BOULT
CUMMINGS LLP
Roger G. Jones (*pro hac vice*)
rjones@bradley.com
Peter C. Sales (*pro hac vice*)
psales@bradley.com
Kimberly M. Ingram (SBN 305497)
kingram@bradley.com
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2365
Facsimile: (615) 252-6365

*Attorneys for Defendant*
*Artissimo Designs LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NEOFONIE GMBH, a German
corporation,

              Plaintiff,

vs.

ARTISSIMO DESIGNS LLC, a
Delaware limited liability company,

              Defendant.

ARTISSIMO DESIGNS LLC,

              Counter-Plaintiff.

vs.

NEOFONIE GMBH

              Counter-Defendant.

Case No.: 8:17-cv-00772 CJC
(JDEx)

DEFENDANT/COUNTER-
PLAINTIFF'S MOTION *IN
LIMINE* TO EXCLUDE EXPERT
TESTIMONY OF DR. ALI
KHOSHGAZARAN, PH.D

Hearing Date: January 14, 2019
Hearing Time: 3:00pm
Courtroom: 7C

The Honorable Cormac J. Carney

Defendant/Counter-Plaintiff Artissimo Designs LLC ("Artissimo") respectfully submits this Motion *in Limine* to Exclude Expert Testimony of Dr. Ali Khoshgazaran, Ph.D.  Artissimo hereby notifies Neofonie that the hearing on the motion will take place at the pre-trial conference scheduled for January 14, 2019, at 3:00 p.m. before the Honorable Cormac J. Carney.

As explained in Artissimo's Memorandum of Points and Authorities, filed contemporaneously herewith, Dr. Khoshgazaran purports to have formed five opinions about the subject matter of this case, but each of these opinions either is not reliable or is not helpful to the trier of the fact.

***First***, Dr. Khoshgazaran's opinion that Artissimo "failed to conform to important principles of Agile software development and MVP launch" is neither reliable nor helpful to the trier of fact because: (1) Dr. Khoshgazaran used an unreliable methodology in basing his opinion of Artissimo's conduct on an analysis of one out of 46 features required for the Project; (2) Dr. Khoshgazaran's testimony as to the "industry standard" for a minimum viable product ("MVP") is irrelevant and confusing because the features of *this* MVP are defined solely by the contract between the parties; and (3) Dr. Khoshgazaran's analysis that the *contract* does not conform to industry standards does not support his conclusion that *Artissimo* failed to conform to such standards.

***Second***, Dr. Khoshgazaran's opinions as to Neofonie's use of best practices and implementation of out-of-the box solutions vs. customization should be excluded because they are rebuttal opinions and Artissimo is not pursuing these theories at trial.

***Third***, Dr. Khoshgazaran's opinion that the deficiencies present in the website were not as severe as Artissimo portrayed should be excluded because: (1) Dr. Khoshgazaran failed to test the website and therefore cannot reliably opine as to the severity of the deficiencies; and (2) Dr.

ARTISSIMO'S MOTION *IN LIMINE* TO EXCLUDE EXPERT

Khoshgazaran's opinion is based on weighing the credibility of others' opinions and the documentary evidence, which is the province of the jury. Moreover, Dr. Khoshgazaran's related opinion that a delay of about a month is normal for this type of project is not helpful because it does not address the issues in dispute in this litigation.

*Fourth*, Dr. Khoshgazaran's opinion that Artissimo caused Neofonie's inability to complete the project should be excluded because it is a mere summary of the documentary evidence in this case (presented in a light favorable to Neofonie) and does not require expertise.

*Fifth*, Neofonie should not be able to present *any* opinion of Dr. Khoshgazaran that relies upon documents that it has not produced to Artissimo. Neofonie has failed to produce *any* documents in response to Artissimo's Second Set of Requests for Production, which target the documents that its proposed expert relies upon. Unless Neofonie immediately remedies this error by producing the documents, Neofonie should not be permitted to rely upon those documents at trial or to introduce testimony that relies upon such documents.

The following exhibits are attached to this Motion:

- Exhibit A – the Expert Report of Ali Khoshgazaran, Ph.D
- Exhibit B – the Phase II Agreement executed on or about May 23, 2018
- Exhibit C – Artissimo's Second Set of Requests for Production of Documents and Things
- Exhibit D – Neofonie's Responses to Artissimo's Second Set of Requests for Production of Documents and Things
- Exhibit E – Declaration of Kimberly M. Ingram

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 10, 2018. Pursuant to L.R. 5-

ARTISSIMO'S MOTION *IN LIMINE* TO EXCLUDE EXPERT

4.4.1, Artissimo attaches to this motion a proposed order granting its motion to exclude the proposed expert testimony.

For the reasons stated above and in the papers filed herewith, Artissimo respectfully requests that the Court exclude, or substantially limit, the testimony of Dr. Khoshgazaran.

Dated: December 17, 2018

Respectfully submitted,

BY:   */s/ Peter C. Sales*

Roger G. Jones (TN Bar No. 11550)
Peter C. Sales (TN Bar No. 25067)
Kimberly M. Ingram (SBN 305497)
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone:  (615) 252-2365
Facsimile:   (615) 252/6365
rjones@bradley.com
psales@bradley.com
kingram@bradley.com

*Attorneys for Defendant*

ARTISSIMO'S MOTION *IN LIMINE* TO EXCLUDE EXPERT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, Kimberly M. Ingram, do hereby certify that on this 17th day of December, 2018, a true and correct copy of the foregoing document is being forwarded to the individual listed below in the manner indicated:

**Via CM/ECF System**
Sacha V. Emanuel, Esquire
Emanuel Law
1888 Century Park East, Suite 1500
Los Angeles, California 90067

*/s/ Kimberly M. Ingram*
Kimberly M. Ingram, Esq.

ARTISSIMO'S MOTION *IN LIMINE* TO EXCLUDE EXPERT