**DECLARATION OF KIMBERLY M. INGRAM (EXHIBIT E)**

Kimberly M. Ingram declares as follows:

1. I am over 18 years of age, have personal knowledge of the matters stated herein, and am legally competent to testify on those matters.

2. I am counsel of record for Defendant/Counter-Claimant, Artissimo Designs, LLC ("Artissimo"). I submit this declaration in support of Artissimo's Motion *in Limine* to Exclude Expert Testimony of Dr. Ali Khoshgazaran, Ph.D ("Motion").

3. I met and conferred with counsel for Neofonie as to the Motion on December 10, 2018.

4. Motion Exhibit A is a true and correct copy of the "Disclosure of Expert Testimony Pursuant to Rule 26(a)(2)(A)" (*i.e.*, "Expert Report") of Dr. Ali Khoshgazaran, the expert witness for Plaintiff Neofonie GMBH ("Neofonie"), which I received from Neofonie's counsel on September 18, 2018.

5. Motion Exhibit B is a true and correct copy of the contract between the parties executed on or about May 23, 2016, which is referred to as the "Phase II Agreement."

6. Motion Exhibit C is a true and correct copy of Artissimo's Second Set of Requests for Production of Documents and Things ("Second Set of Requests"), which I served on Neofonie's counsel on October 24, 2018.

7. The Second Set of Requests were largely responsive to the Expert Report that had been disclosed the previous month.

8. After the Expert Report was served, due to the proposed expert's reliance on the "JIRA tickets," Artissimo's counsel specifically looked for what JIRA tickets had been produced. Artissimo's counsel found only two such tickets in Neofonie's production.

9. Motion Exhibit D is a true and correct copy of Neofonie's Responses to Artissimo's Second Set of Requests for Production of Documents and Things, which I received from Neofonie's counsel on November 26, 2018.

10. Neofonie objected to each Request and did not produce any documents responsive to Artissimo's Second Set of Requests on November 26, 2018.

11. On November 27, 2018, I notified counsel for Neofonie that Neofonie's discovery responses did not comply with the Federal Rules of Civil Procedure and that Artissimo believed Neofonie lacked a good-faith basis for withholding relevant and responsive documents.

12. Counsel for Neofonie and I continued to discuss the non-production of documents via email on November 28 and 29, 2018.

13. When counsel for Neofonie and Artissimo conferred on this issue telephonically on December 5, 2018, Neofonie's counsel told Artissimo's counsel that Neofonie would produce responsive documents in its possession, including the documents that had been provided to the expert. Neofonie's counsel stated that this production could not occur until the following week.

14. On December 6, 2018, I suggested that Neofonie's counsel commit to produce these documents by December 14, 2018, as they were already overdue.

15. Neofonie's counsel did not agree to, propose an alternative to, or substantively respond to this suggestion prior to December 14, 2018.

16. As of the filing of the Motion, Neofonie has not produced any documents in response to Artissimo's Second Set of Requests and has not committed to a date when it will do so.

1 | I declare under penalty of perjury that the foregoing is true and correct to
2 | the best of my knowledge and belief.

4 | Executed on December 17, 2018.

*/s/ Kimberly M. Ingram*
Kimberly M. Ingram, Esq.