EMANUEL LAW FIRM
Sacha V. Emanuel (SBN 218705)
svemanul@gmail.com
Raphael B. Emanuel (SBN 218755)
remanuellaw@gmail.com
1875 Century Park East, Suite 2150
Los Angeles, California 90067
Telephone: (310) 881-6814
Facsimile:  (310) 881-6801

Attorneys for Plaintiff/Counter-Defendant
Neofonie GmbH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEOFONIE GMBH, a German corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARTISSIMO DESIGNS LLC, a Delaware limited liability company,<br><br>Defendant.<br>_____<br>AND COUNTERCLAIM | Case No.: 8:17-cv-00772 CJC (JDEx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE OF NEOFONIE GMBH TO EXCLUDE LAY WITNESSES FROM GIVING AN EXPERT OPINION**<br><br>**MOTION *IN LIMINE* NO. 2.**<br><br>Hon. Cormac J. Carney<br><br>Hearing: January 14, 2019<br>Time:    3:00 p.m.<br>Place: Courtroom 7C, 350 W. 1st St.<br>Los Angeles, California 90012 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on January 14, 2018 at 3:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Cormac J. Carney of the United States District Court for the Central District of California, at 350 W. 1st St., Los Angeles, California 90012, Plaintiff/Counter-Defendant, Neofonie GmbH, ("Plaintiff" or "Neofonie")) will and hereby does move for the exclusion of evidence based on Federal Rules of Evidence Nos. 401, 402, 403, and 701.

Plaintiff anticipates that that Defendant/Counter-Claimant, Artissimo Designs, LLC, ("Defendant"), intends to offer into evidence at the trial set to begin on January 22, 2019 evidence and arguments concerning issues, matters, and/or areas that require the opinion of an expert, such as:

(1) Whether or not Neofonie adhered to basic usability principles that were common best practices in performing its development work on the minimum viable product ("MVP") for the website, *artdesigns.com*;

(2) What items, deliverables, features, or sub-features are required for the basic functionality or usability of an e-commerce MVP;

(3) Whether the MVP at issue in this action was usable by or functional to Defendant's customers;

(4) The propriety of Neofonie's decision making in developing certain deliverables, features, or sub-features from scratch rather than using standard out of the box components;

(5) Neofonie's use of common best practices in developing the MVP;

(6) The process concerning the testing, discovery, and fixing of bugs on an e-commerce MVP project and whether the process at issue was outside of normal industry standards;

(7) The migration of an MVP from a test environment to a live environment;

1   (8) The frequency and effect of budget and time overruns on an e-commerce MVP project; and

(9) Whether or not Neofonie timely or adequately integrated the MVP with Defendant's AX software.

This Motion is made on the grounds that evidence of this nature constitutes improper lay opinion; and is confusing, wasteful, and prejudicial.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, files in this action, Declaration of Sacha V. Emanuel ("Emanuel Decl."), the exhibits attached thereto, the supporting documents filed concurrently herewith, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion. Plaintiff asks this Court for an Order directing Defendant's counsel to caution, warn, and instruct their witness to follow the same order.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel that took place on December 10, 2018.

Respectfully submitted,

Dated: December 17, 2018           EMANUEL LAW FIRM


By:/s/_____
    Sacha V. Emanuel
    Attorneys For Plaintiff

## I. INTRODUCTION

In this action, Plaintiff/Counter-Defendant, Neofonie GmbH, ("Plaintiff" or "Neofonie") seeks payment of money owed by Defendant/Counter-Claimant, Artissimo Designs, LLC ("Defendant"), in connection with work Plaintiff performed in developing, testing, and attempting to launch a minimum viable product ("MVP") for a new e-commerce website, *artdesigns.com*.

Pursuant to a written agreement, Neofonie and Defendant were required to "work together" to develop, test and launch the MVP. Neofonie performed its end of the agreement by delivering to Defendant all the contractually agreed-upon deliverables, features, and sub-features, developed and tested according to the MVP definition. Defendant breached the agreement by, among other things, failing to pay Neofonie, despite repeatedly promising to do so, and failing to obtain a license for the content management system Magnolia which was a must-have prerequisite for the MVP to go live.

After filing this action, Neofonie designated an expert witness, Dr. Ali Khoshgazaran, who prepared a detailed report supporting Neofonie's position and refuting many of the arguments and positions taken by Defendant in its Counterclaim. Defendant failed to designate an expert or rebuttal expert to support any of its defenses or claims.

In its Counterclaim, however, Defendant has made numerous allegations which require the opinion of an expert to prove. These allegations include, without limitation, that:

- Neofonie ignored "basic usability principles that were common best practices." (See Counterclaim ("CC") ¶18 attached to the Declaration of Sacha V. Emanuel as Exhibit 1)
- That certain items of the MVP "are required for basic functionality of an e-commerce site" (CC ¶21);

- That the MVP delivered by Neofonie could not be used by Defendant's "customers" (CC¶ 23);
- That Neofonie erred in its development work by not "implementing standard non-custom industry standards" or out of the box software;
- That Neofonie failed to implement "best practices" (¶¶32 and 35); and
- That Neofonie failed to "produce a functional online shop" (¶47).

As these and other areas require the opinion of an expert, and Defendant has failed to designate one, Defendant should be precluded from offering testimony from a lay witness in regards to these and other areas. Admitting this improper testimony through live testimony at trial would allow Defendant to offer an expert in "lay witness clothing" and thus evade the evidentiary requirements for expert witnesses.

### III.   ARGUMENT

#### A.   Inadmissible Opinion (FRE 701)

The testimony of a lay witness in the form of opinions or inferences is limited to those opinions or inferences which are (a) "rationally based on the witness's perception," (b) "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (c) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

Defendant should be precluded from introducing inadmissible opinion testimony from its employees or other lay witnesses such as that Neofonie did not use "best practices", "ignored basic usability principles", or otherwise did not act reasonably in developing or testing the MVP. Nor should Defendant be permitted to introduce lay opinion testimony regarding any issues, areas, or matters that require scientific, technical, or other specialized knowledge, such as the integration of the MVP with Defendant's AX software.

Additionally, all witness testimony opining on the ultimate legal question is prohibited. See, e.g., Torres v. City. of Oakland, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury."). Hence, Defendant's opinion that the MVP was not "usable" or "functional" is not admissible. See, e.g., Smith v. Pac. Bell Telephone Co., Inc., 649 F. Supp. 2d 1073 (E.D. Cal. 2009) (sustaining objections to admission of lay person's affidavit stating that he had notified the defendants of problems with a GPS system and that they then failed to investigate, finding that there was "nothing in the affidavit to establish [the declarant] [wa]s knowledgeable about or qualified to opine on the reliability of GPS equipment.").

     **B.**    **Where Evidence Is More Prejudicial than Probative, or a Waste of Time, The Court May Exclude Such Evidence.**

Rulings on motions *in limine* are committed to the discretion of the trial court. Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980) (district court has "broad discretion to make . . . evidentiary rulings conducive to a fair and orderly trial"). District courts can exercise their discretion to exclude evidence where the evidence is not relevant, or where the probative value is outweighed by other considerations. Fed. R. Evid. 401-403; Wicker v. Oregon ex rel. Bureau of Labor, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence). Even if evidence is considered relevant, evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 993 (9th Cir. 2009) (district court did not abuse its discretion in granting plaintiff's motion in limine to exclude evidence based on concerns that it might improperly influence the jury on the amount of statutory damages to assess

under 504(c)(1) of the Copyright Act of 1976, because the evidence did not provide sufficiently probative information.) Evidence has probative value only if it has any tendency to make the existence of any legally necessary proposition in the case more or less likely.  Fed. R. Evid. 401-402.

For the reasons set forth above, the Court may also exclude evidence regarding the above-referenced issues, areas, and matters on the grounds that it is more prejudicial than probative, or a waste of time.

## IV.   CONCLUSION

For the foregoing reasons, Neofonie respectfully requests that this Court issue the order *in limine* requested. order as follows:

Dated: December 17, 2018

                                            EMANUEL LAW FIRM

                                            By:/s/
                                                  Sacha V. Emanuel
                                                  Attorneys for Plaintiff