BRADLEY ARANT BOULT
CUMMINGS LLP
Roger G. Jones (*pro hac vice*)
rjones@bradley.com
Peter C. Sales (*pro hac vice*)
psales@bradley.com
Kimberly M. Ingram (SBN 305497)
kingram@bradley.com
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2365
Facsimile: (615) 252-6365

*Attorneys for Defendant*
*Artissimo Designs LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEOFONIE GMBH, a German corporation, | Case No.: 8:17-cv-00772 CJC (JDEx) |
| Plaintiff, | |
| vs. | DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION IN LIMINE OF NEOFONIE GMBH TO EXCLUDE LAY WITNESSES FROM GIVING AN EXPERT OPINION (NEOFONIE'S MOTION IN LIMINE NO. 2) |
| ARTISSIMO DESIGNS LLC, a Delaware limited liability company, | |
| Defendant. | |
| ARTISSIMO DESIGNS LLC, | Hearing Date: January 14, 2019 |
| Counter-Plaintiff, | Hearing Time: 3:00pm Courtroom: 7C |
| vs. | |
| NEOFONIE GMBH, | The Honorable Cormac J. Carney |
| Counter-Defendant. | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION .............................................................................. 1

BACKGROUND ................................................................................ 2

STANDARD OF REVIEW ...................................................................... 3

ARGUMENT.................................................................................... 4

I.     Neofonie's Motion Is Partially Moot................................................. 4

II.    Artissimo's Witnesses' Personal Knowledge and Experience
       with the Project and Website Are Admissible Lay Testimony......... 5

       A.     Topic 3, Usability or Functionality of This MVP, Is a
              Proper Lay Person Opinion Within the Personal
              Knowledge of Artissimo's Witnesses................................... 6

       B.     Topic 9, Timely or Adequate Integration with Microsoft
              AX, Is a Lay Person's Perception Requiring No
              Particular Expertise. ................................................... 8

       C.     Topics 2, 6, 7, and 8, Concerning the Scope and Process
              of Implementing an MVP, Are Within Artissimo's
              Employees' Personal Knowledge with Regard to The
              MVP at Issue. ......................................................... 8

III.   Artissimo's Witnesses' Lay Testimony Is Highly Probative,
       Not Confusing or Prejudicial........................................................10

CONCLUSION .................................................................................12

CERTIFICATE OF SERVICE................................................................13

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Cases**

5

*Baltazar v. Target Corp.*,
   No. CV 13-4940-AB(PLAx), 2014 WL 12599626 (C.D.
   Cal. Oct. 22, 2014)............................................................................5

6

7

*Deters v. Equifax Credit Info. Servs., Inc.*,
   202 F.3d 1262 (10th Cir. 2000)......................................................10

8

9

*Frost v. BNSF Ry. Co.*,
   218 F. Supp. 3d 1122 (D. Mont. 2016)..............................................3

10

11

*Jackson v. Cty. of San Bernardino*,
   194 F. Supp. 3d 1004 (C.D. Cal. 2016) .....................................3, 9, 10

12

13

*Johnson v. Gen. Mills Inc.*,
   No. SACV 10-00061-CJC(ANx), 2012 WL 13015023
   (C.D. Cal. May 7, 2012)..................................................................11

14

15

*Ohio Six Ltd. v. Motel 6 Operating L.P.*,
    No. CV 11-08102 MMM(EX), 2013 WL 12125747, (C.D.
   Cal. Aug. 7, 2013)...........................................................................10

16

17

18

*Smith v. Pac. Bell Tel. Co.*,
   649 F. Supp. 2d 1073 (E.D. Cal. 2009) .............................................7

19

*Speaks v. Mazda Motor Corp.*,
   118 F. Supp. 3d 1212 (D. Mont. 2015).............................................3

20

21

*Torres v. Cty. of Oakland*,
   758 F.2d 147 (6th Cir. 1985).............................................................7

22

23

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
    No. CV 14-01029 SJO(VBKx), 2015 WL 12758841,
   (C.D. Cal. Feb. 23, 2015), *aff'd*, 686 F. App'x 422 (9th Cir.
   2017) ................................................................................................4

24

25

26

*United States v. Heller*,
   551 F.3d 1108 (9th Cir. 2009)...........................................................3

27

28

*United States v. Owens*,
699 F. Supp. 815 (C.D. Cal. 1988), *aff'd sub nom. United States v. Owens-El*, 889 F.2d 913 (9th Cir. 1989)...................................5

*United States v. Rodriguez*,
162 F.3d 135 (1st Cir. 1998) ...................................5

*Walker v. City of Renton*,
No. C11-2114 RAJ, 2013 WL 12121084 (W.D. Wash. July 31, 2013)...................................6

*Wilkins v. Kmart Corp.*,
487 F. Supp. 2d 1216 (D. Kan. 2007)...................................3

**Rules**

Fed. R. Evid. 403 ...................................10, 11

Fed. R. Evid. 601 ...................................5

Fed. R. Evid. 602 ...................................5, 7

Fed. R. Evid. 701 ...................................5, 7

Fed. R. Evid. 702 ...................................5, 7

Fed. R. Evid. 704 ...................................7

Local Rule 7 ...................................1

Local Rule 8 ...................................1

Local Rule 9 ...................................1

**Other Authorities**

3 *Weinstein's Evidence* ¶ 602[02] ...................................5

Pursuant to L.R. 7-9, Defendant/Counter-Plaintiff Artissimo Designs LLC ("Artissimo") respectfully submits this Response in Opposition to the Motion in Limine of Neofonie GMBH ("Neofonie") to Exclude Lay Witnesses from Giving an Expert Opinion, Neofonie's Motion in Limine No. 2 ("Motion").

## INTRODUCTION

Neofonie's Motion lays out nine broad categories of evidence that Neofonie alleges "require the opinion of an expert" and that Neofonie therefore believes Artissimo should not be allowed to testify about at all. (Dkt. 46 at 2–3.)  As explained further below, portions of the Motion are moot, as Artissimo has stated it is not pursuing theories regarding best practices or industry standards for implementing a minimum viable product ("MVP").  (Dkt. 44.)  This is because an industry-defined MVP[1] is not relevant.  This case concerns Neofonie's development of a *particular* MVP: artdesigns.com.  Neofonie was designing artdesigns.com for Artissimo's particular business needs, and the features for *this* MVP are specifically defined by an agreement between the parties.

Neofonie's sweeping attempt to prevent Artissimo's witnesses from testifying about *this* MVP is improper.  Lay persons are inherently qualified to testify to relevant information within their personal knowledge. Artissimo's employees were engaged in the negotiations for what the MVP of artdesigns.com would include and the testing and evaluation of the MVP that Neofonie created.  Artissimo's employees can therefore testify to the nature and scope of the agreement between the parties.  Indeed, they are

---

[1] Artissimo uses this term throughout to distinguish between the general, industry notion of a minimum viable product and the particular minimum viable product at issue in this case.

uniquely qualified to testify as to Artissimo's business needs and the influence of such needs on the agreement between the parties. Artissimo's employees are also particularly qualified to testify as to whether the MVP was usable for its target audience: Artissimo's lay consumers.

Neofonie's Motion relies on a conclusory assertion that lay witnesses cannot testify to these topics—apparently because these lay witnesses' relevant experiences were with a website. That is not the law. Artissimo is entitled to explain its experience through its lay witnesses, and the Motion should therefore be denied.

## **BACKGROUND**

It is undisputed that, in May 2016, Neofonie and Artissimo executed an agreement (the "Contract"). In the Contract, Neofonie agreed to implement an MVP of an ecommerce platform, artdesigns.com, fit for Artissimo's particular purpose: the sale of high-end artwork (the "Project"). This effort required collaboration of the parties and participation of both parties at certain points of the Project. If the Court denies Artissimo's motion for leave to file a motion for partial summary judgment or denies the underlying motion, what happened thereafter is a question the jury will have to decide.

Artissimo contends Neofonie materially breached the Contract by, among other things, failing to complete deliverables in the Contract, failing to meet agreed-upon deadlines, failing to deliver an MVP that was fit for Artissimo's particular purpose, and failing to complete the Project for the agreed price in the number of hours promised in the Contract. Neofonie alleges it "performed its end of the agreement by delivering to [Artissimo] all the contractually agreed-upon deliverables, features, and sub-features,

developed and tested according to the MVP definition." (Dkt. 46 at 4.)[2] According to Neofonie, Artissimo "breached the agreement by, among other things, failing to pay Neofonie . . . failing to obtain a license for the content management system Magnolia which was a must-have prerequisite for the MVP to go live." (*Id.*)  Artissimo maintains it suspended payment due to Neofonie's non-performance and was not contractually required to purchase the license prior to go live.

## STANDARD OF REVIEW

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  "Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored." *Jackson v. Cty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016).  This default position recognizes that courts are "'almost always better situated during the actual trial to assess the value and utility of evidence.'" *Id.* (quoting *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007)); *see also Speaks v. Mazda Motor Corp.*, 118 F. Supp. 3d 1212, 1217 (D. Mont. 2015).  Thus, "[a] court will grant a motion in limine and exclude evidence only if the evidence is inadmissible on all potential grounds." *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (internal quotation omitted).

---

[2] Neofonie's corporate representative's testimony contradicts this assertion, and this is a central basis of Artissimo's proposed Motion for Partial Summary Judgment. (Dkt. 40-2 at 71–75.)  Due to the nature of a motion in limine, this Response discusses these questions as though they will be resolved by the jury.  Nevertheless, Artissimo does not believe there are genuine disputes of material fact and reserves all rights regarding its pending Motion for Leave.

# **ARGUMENT**

Neofonie's Motion should be denied for three reasons. *First*, the portions of the Motion based on theories Artissimo has said it does not plan to pursue at trial are moot. *Second*, Neofonie's Motion broadly seeks to exclude testimony from Artissimo's witnesses based on their own personal experience and knowledge. Such testimony is, however, the purpose of lay witnesses. *Third*, the probative value of Artissimo's witnesses' testimony far outweighs any perceived potential for confusion or prejudice. Indeed, exclusion of such testimony would be highly prejudicial to Artissimo's ability to present its case. Neofonie's Motion should be denied.

## I.    **Neofonie's Motion Is Partially Moot.**

Artissimo's Motion in Limine explained it does not intend to offer theories or testimony about industry standards for, or best practices in developing, an MVP. (Dkt. 44-6 [Def.'s Mem.] at 8–9.) Testimony about the industry-standard MVP might well require an expert witness. But as explained in Artissimo's Motion in Limine, such testimony is not relevant to this case; the contract between the parties controls what features *this* MVP was to contain. Artissimo therefore will not present expert testimony on this matter.

Three of the topics that Neofonie has stated in the Motion are related directly to theories that Artissimo is not pursuing: Neofonie's use of "basic usability principles that were common best practices" (topic 1); "Neofonie's decision making in developing certain deliverables, features, or sub-features from scratch rather than using standard out of the box components" (topic 4); and "Neofonie's use of common best practices in developing the MVP" (topic 5). Because Artissimo has explicitly said it is not pursuing these theories, Neofonie's Motion with respect to these three topics should be denied as moot. *Cf. Unicolors, Inc. v. Urban Outfitters,*

4

*Inc.*, No. CV 14-01029 SJO(VBKx), 2015 WL 12758841, at *2 (C.D. Cal. Feb. 23, 2015), *aff'd*, 686 F. App'x 422 (9th Cir. 2017) (denying motion as moot where party said it was not pursuing the relevant theories at trial).

## II.   Artissimo's Witnesses' Personal Knowledge and Experience with the Project and Website Are Admissible Lay Testimony.

"[E]very person is competent to be a witness unless [the Federal Rules of Evidence or state law] provide otherwise." Fed. R. Evid. 601. As a result, any witness may testify to a matter "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The court "may exclude evidence only when no reasonable juror could conclude that the witness possessed personal knowledge as to the substance of his or her testimony." *United States v. Owens*, 699 F. Supp. 815, 817–18 (C.D. Cal. 1988), *aff'd sub nom. United States v. Owens-El*, 889 F.2d 913 (9th Cir. 1989) (adopting the approach of 3 *Weinstein's Evidence* ¶ 602[02]). Evidence is within a witness's "personal knowledge" when the "witness can testify to hearing, seeing, or otherwise experiencing [it] through his or her senses." *Baltazar v. Target Corp.*, No. CV 13-4940-AB(PLAx), 2014 WL 12599626, at *4 (C.D. Cal. Oct. 22, 2014) (citing Fed. R. Evid. 602, Adv. Comm. Notes).

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, "[p]ersonal knowledge can include inferences and opinions, so long as they are grounded in personal observations and experience." *United States v. Rodriguez*, 162 F.3d 135, 144 (1st Cir. 1998) (internal quotations omitted); *see also Baltazar*, 2014 WL 12599626, at *4 (finding

that a lay witness could "opine[ ] the experiences and perception of the injuries in question," but not as to a "medical diagnoses" requiring expert knowledge).  "[E]xpert testimony is not required where special expertise is not required."  *Walker v. City of Renton*, No. C11-2114 RAJ, 2013 WL 12121084, at *1 (W.D. Wash. July 31, 2013).

Here, two topics of testimony Neofonie seeks to exclude are quite clearly within Artissimo's employees' personal knowledge: "[w]hether *the MVP at issue in this action* was usable by or functional to Defendant's customers" (topic 3) and "[w]hether or not Neofonie timely or adequately integrated *the MVP* with Defendant's AX software" (topic 9).  (Dkt. 46 at 2–3 (emphasis added).)  Neofonie's intent with respect to four other topics (2, 6, 7, and 8) is vague; although the literal language suggests Neofonie merely wishes to exclude Artissimo's lay testimony about an industry-defined MVP, it could also be read as seeking to exclude Artissimo from introducing testimony about *this* MVP as to such topics.  But as explained below, Artissimo's lay witnesses may properly testify as to their own experiences with and perception of *this* MVP.[3]  The Motion therefore should be denied as to topics 2, 3, 6, 7, 8, and 9 as well as denied as moot with respect to the aforementioned topics 1, 4, and 5.

> **A.    Topic 3, Usability or Functionality of This MVP, Is a Proper Lay Person Opinion Within the Personal Knowledge of Artissimo's Witnesses.**

Testimony as to the third topic cannot be properly excluded.  Artissimo's employees' testimony as to whether *this* MVP "was usable by

---

[3] To the extent any of Artissimo's have personal experiences with other minimum viable products, such testimony would also be proper (assuming that a proper foundation is established and relevance is shown).

6

or functional to Defendant's customers" will be based on their own use and testing of the site—*i.e.*, based on their own personal knowledge under Rule 602. And importantly, Artissimo's customers, like its employees, are lay people who generally do not have any special training in e-commerce websites. Thus, Neofonie seeks to exclude lay persons' opinions about whether, based on their own use of the website, lay persons could effectively use the site. Such testimony is clearly proper: it is "rationally based on the witness's perception" through his or her own experiences with the MVP; it is "helpful to clearly understanding the witness's testimony" and to determining whether the website was usable for Artissimo; and (c) and it is based on a lay person's perception, not "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Therefore, this testimony should not be excluded.

Neofonie also makes a passing argument that Artissimo's witnesses' testimony as to the third topic is inadmissible because it involves "opining on the ultimate legal question." (Dkt. 46 at 6.) This is incorrect. Whether a website is usable or functional is not a legal question; it is a pure question of fact. Of course, the outcome of this factual issue may *affect* the question of law—but that is true of all relevant facts. Indeed, the very cases Neofonie cites recognize that a lay witness's testimony as to his or her personal knowledge is proper, so long as it is not "couched as a legal conclusion." *Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985); *see also Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) (finding an affidavit insufficient where it did not establish personal knowledge). Moreover, the Federal Rules of Evidence specifically provide that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. Thus, Artissimo's witnesses' testimony cannot be properly excluded on this basis either.

**B.    Topic 9, Timely or Adequate Integration with Microsoft AX, Is a Lay Person's Perception Requiring No Particular Expertise.**

Neofonie also claims that Artissimo's witnesses cannot properly testify to "[w]hether or not Neofonie timely or adequately integrated the MVP with Defendant's AX software" (topic 9).   (Dkt. 46 at 2–3.) Artissimo's lay employees might not be qualified to testify as to exactly how an integration of an MVP and AX software is performed.  However, they are certainly qualified to testify as to whether the integration was "adequate" (*i.e.*, whether it worked) and whether it was "timely" (*i.e.*, whether integration was completed by the agreed deadline).  There simply is no reasonable argument that such an "opinion" is not within their personal knowledge or requires some particular expertise.  To the extent this is an issue at trial, Artissimo's employees' experiences are clearly helpful.  If Neofonie is simply arguing the jury should not credit such testimony, that is a credibility determination for the jury to make. Testimony as to this topic should not be excluded.

**C.    Topics 2, 6, 7, and 8, Concerning the Scope and Process of Implementing an MVP, Are Within Artissimo's Employees' Personal Knowledge with Regard to The MVP at Issue.**

The literal language Neofonie uses as to topics 2, 6, 7, and 8 suggests it is only attempting to preclude Artissimo's lay witnesses from testifying about industry-defined MVPs in general:

(2)    What items, deliverables, features, or sub-features are required for the basic functionality or usability of *an e-commerce MVP*;

(6)    The process concerning the testing, discovery, and fixing of bugs on *an ecommerce MVP project* and whether the

8

process at issue was outside of *normal industry standards*;

(7)    The migration of *an MVP* from a test environment to a live environment; [and]

(8)    The frequency and effect of budget and time overruns on *an e-commerce MVP project* . . .

(Dkt. 46 at 2–3 (emphasis added).)  As a threshold matter, Artissimo notes that this is precisely the type of motion in limine that is "disfavored" because it "seek[s] exclusion of broad and unspecific categories of evidence." *Jackson*, 194 F. Supp. 3d at 1008.  In any event, if Neofonie's intent is simply to prevent Artissimo from testifying to industry standards for "an MVP," the Motion is moot for the same reasons described with respect to topics 1, 4, and 5: Artissimo does not intend to offer testimony on such topics because they are not relevant.

However, Neofonie's Motion could also be read as seeking to prevent Artissimo from testifying as to these topics with respect to *this* MVP—particularly given the clear language seeking such exclusion for topics 3 and 9.  Artissimo's witnesses are perfectly capable of testifying to "what items, deliverables, features, or sub-features" were required for *this* MVP (topic 2).  Those items were included in the Contract, which Artissimo negotiated with Neofonie, and Artissimo's employees may testify as to their understanding of the agreement between the parties.  Additionally, Artissimo's employees may testify as to "the testing, discovery, and fixing of bugs" (topic 6) and the migration from a test to a live environment in *this* e-commerce MVP project (topic 7).  Such testimony is merely recounting their own experiences and does not require scientific, technical, or other specialized knowledge.  Similarly, Artissimo's employees can testify to the frequency and effect of budget and

time overruns on *this* e-commerce MVP project (topic 8). Whether a project was over its budget or past its deadline is simply a factual observation that is within the perception of any lay person with personal knowledge.

\* \* \*

At trial, Artissimo will establish the foundation of each witness's knowledge. To the extent that Neofonie believes a particular witness lacks personal knowledge as to one of these topics, Neofonie may, of course, move to exclude that witness's testimony at trial on that basis. But it is not proper for Neofonie to attempt to exclude *all* of Artissimo's witnesses' testimony on *all* of these topics before the trial even starts. *See, e.g.*, *Jackson*, 194 F. Supp. 3d at 1008. Indeed, Neofonie does not even bother to explain why it believes any Artissimo witness would lack personal knowledge of these topics. The Motion should therefore be denied.

### III. Artissimo's Witnesses' Lay Testimony Is Highly Probative, Not Confusing or Prejudicial.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 favors admitting evidence, and permits its exclusion only where the probative value of evidence is *substantially* outweighed by the unfair prejudice that may result from admitting it." *Ohio Six Ltd. v. Motel 6 Operating L.P.*, No. CV 11-08102 MMM(EX), 2013 WL 12125747, at \*7 (C.D. Cal. Aug. 7, 2013) (quoting *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) for the proposition that, "[i]n performing the 403 balancing, the court should give the evidence its

maximum reasonable probative force and its minimum reasonable prejudicial value." (internal quotation omitted)) (emphasis original).

Neofonie argues that Artissimo's witnesses' testimony should be excluded under Rule 403 because it is more prejudicial than probative, confusing, and/or a waste of time.  (Dkt. 46 at 3, 7.)  Notably, although Neofonie quotes law for the indisputable principle that the Court has discretion to exclude evidence pursuant to Rule 403, Neofonie's argument as to why it should do so is simply: "For the reasons set forth above, the Court may also exclude evidence regarding the above-referenced issues, areas, and matters on the grounds that it is more prejudicial than probative, or a waste of time."  (Dkt. 46 at 7.)  Given that Neofonie has made no serious argument as to why Artissimo's lay witnesses' testimony should be excluded, this ground of the Motion should be denied on that basis alone.

In any event, Artissimo's witnesses' testimony about their own experiences with the Project is highly probative of the issues in this case.  In fact, it goes to the central subject-matter of the case.  Thus, while such testimony may not be relevant to *Neofonie's* theory of this case, it is critical to Artissimo's and is therefore probative.  And though that evidence may be "prejudicial" to Neofonie in the sense that it does not support Neofonie's case, the law is clear that this is not a reason to exclude the evidence.  *See, e.g.*, *Johnson v. Gen. Mills Inc.*, No. SACV 10-00061-CJC(ANx), 2012 WL 13015023, at *1 (C.D. Cal. May 7, 2012) ("A party cannot use a motion in limine to sterilize the other party's presentation of the case.").  Nor can Artissimo's witnesses' testimony about their own experiences with the Project (*i.e.*, the central subject of this case) possibly be considered a "waste of time" or unfairly "confusing."  In the interest of fairness and justice, the jury should consider both parties' evidence.

11

## **CONCLUSION**

For the foregoing reasons, Artissimo respectfully requests that the Motion in Limine of Neofonie GMBH to Exclude Lay Witnesses from Giving an Expert Opinion (Motion *in Limine* #2) be denied.

Dated: December 21, 2018

Respectfully submitted,

BY:   */s/ Peter C. Sales*
Roger G. Jones (TN Bar No. 11550)
Peter C. Sales (TN Bar No. 25067)
Kimberly M. Ingram (SBN 305497)
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone:  (615) 252-2365
Facsimile:   (615) 252/6365
rjones@bradley.com
psales@bradley.com
kingram@bradley.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Kimberly M. Ingram, do hereby certify that on this 21st day of December, 2018, a true and correct copy of the foregoing document is being forwarded to the individual listed below in the manner indicated:

**Via CM/ECF System**
Sacha V. Emanuel, Esquire
Emanuel Law
1888 Century Park East, Suite 1500
Los Angeles, California 90067

/s/ Kimberly M. Ingram
Kimberly M. Ingram, Esq.

4838-4565-5170

13