EMANUEL LAW FIRM
Sacha V. Emanuel (State Bar No. 218705)
semanuel@emanuel.law
1875 Century Park East, Suite 2150
Los Angeles, CA 90067
Telephone: (310) 881-6814
Facsimile: (310) 881-6801

Attorneys for Plaintiff/Counter-Defendant
Neofonie GmbH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEOFONIE GMBH, a German corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ARTISSIMO DESIGNS LLC, a Delaware limited liability company,<br><br>Defendant/Counter-Plaintiff. | Case No.: 8:17-cv-00772 CJC (JDEx)<br><br>**DECLARATION OF SACHA V. EMANUEL IN SUPPORT OF OPPOSITION TO MOTION IN LIMINE OF ARTISSIMO DESIGNS, LLC TO EXCLUDE EXPERT TESTIMONY OF DR. ALI KHOSHGAZARAN, PhD** |

**DECLARATION OF SACHA V. EMANUEL**

I, Sacha V. Emanuel, do hereby affirm and attest:

1. I am over 18 years of age, have personal knowledge of the matters stated herein, and am legally competent to testify on those matters.

2. My firm is counsel of record in this action to plaintiff/counter-defendant, Neofonie GmbH ("Neofonie").

3. I make this declaration in support of Neofonie's Opposition to the Motion in Limine of Defendant, Artissimo Designs, LLC ("Defendant") to exclude the opinions of Neofonie's expert Dr. Ali Khoshgazaran, PhD.

4. I am informed and believe that Defendant has (or should have) access to all of the JIRA tickets created during the development of the Minimum Viable Product ("MVP") which the parties agreed to develop pursuant to the agreement at issue in this action. Defendant used JIRA to communicate with Neofonie during the development of the MVP. I am informed that the accounts which Defendant's used are still active.

5. In his Report, Neofonie's designated expert, Dr. Khoshgazaran cited to individual JIRA tickets on which he relied in forming his opinions. In some cases, he included a screen shot of the JIRA ticket. Should Defendant wish to review any of the actual tickets referred to in the Report, Defendant can simply log on to JIRA and review or download the ticket.

6. During discovery, Neofonie produced physical copies of all the JIRA tickets that were contained in the project folders and a spreadsheet which identified and described all the JIRA tickets created during the project (of which there were over 700). Defendant's representation that only two JIRA tickets were produced during discovery is inaccurate.

7. Defendant also requested very late in the discovery process that Neofonie produce the JIRA tickets reviewed by its expert, Dr.

Khoshgazaran, in preparing his Report. Requesting that Neofonie produce documents that an independent third party expert relied upon in preparing a Report is improper as the expert, and not Neofonie, is best suited to produce the documents relied upon, and absent a stipulation, Defendant, not Neofonie, must pay the costs of incurred by the expert in preparing and producing documents. Federal Rule of Civil Procedure 26(b)(4)(A) allows any party to depose a person identified as an expert whose opinions may be presented at trial. A subpoena is required to compel the attendance of a third party expert at deposition absent a stipulation. If Defendant wanted document relief upon by Dr. Khoshgazaran, they should have arranged for his deposition which Neofonie would have assisted in doing. These facts were all explained to Defendant's counsel during the meet and confer. (Attached hereto as Exhibit A are true and correct copies of the communications between counsel.)

8.  Even though Defendant did not follow the proper procedure, Neofonie, in good faith and without having any obligation to do so, reminded Defendant that it has access to JIRA and could print out any tickets identified by Dr. Khoshgazaran in his report.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

 DATED: December 24, 2018

              EMANUEL LAW FIRM

              By:/s/_____

              Sacha V. Emanuel
              Attorneys for Plaintiff