EXHIBIT A

| | |
|---|---|
| From: | sacha emanuel |
| To: | Ingram, Kimberly |
| Cc: | Sales, Peter; Jones, Roger |
| Subject: | RE: Discovery responses and expert |
| Date: | Wednesday, November 28, 2018 5:03:00 PM |
| Attachments: | Neofonie v Artissimo_ Disclosure of Expert Testimony.pdf |

Kimberly,

Neofonie designated Dr. Khoshgazaran as an expert witness on September 18, 2018 (see the email attached hereto). On September 18, I informed you that Dr. Khoshgazaran was available for his deposition in mid-October 2018. Despite this, I did not hear anything from you about his deposition until November 21, the day before Thanksgiving, when you knew I was out of town travelling for the holiday, and 9 days before the discovery cut-off date. I believe Artissimo has failed to act in a timely manner in attempting to obtain the deposition of Dr. Khoshgazaran.

Furthermore, the manner in which Artissimo has sought expert related materials, by demanding that Neofonie produce them (including such things as the expert's file, copies of his publications, copies of materials he consulted in forming his opinions, results of tests he conducted, etc.), is also improper in that the expert is better suited to produce these documents and Artissimo, and not Neofonie, should pay the costs for them to be produced.

If Neofonie has to spend the time searching for and producing these documents, most of which are solely within the possession of the expert, then it will be unable to devote the time to assisting Artissimo in arranging for the deposition of Dr. Khoshgazaran. If you want Neofonie's assistance in arranging for the deposition of and production of documents by Dr. Khoshgazaran, which it is willing to provide, then the better course is for us to come to an agreement on the date for his deposition and the manner in which his fees will be paid and for you to then send me a deposition notice.

Please let me know how you'd like to proceed.

Thanks and best regards,

Sacha


Sacha V. Emanuel, Esq.
EMANUEL LAW FIRM
1875 Century Park East, Suite 2150
Los Angeles, California 90067
Tel. 310.881.6814 | F. 310.881-6801
Email: semanuel@emanuel.law
*****************************************

The information contained in this electronic message and any files transmitted with it may be legally privileged and confidential under applicable law, and intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and purge the communication immediately without making any copy or distribution.


-----Original Message-----
From: Ingram, Kimberly <kingram@bradley.com>
Sent: Tuesday, November 27, 2018 8:53 AM
To: sacha emanuel <svemanul@live.com>
Cc: Sales, Peter <psales@bradley.com>; Jones, Roger <RJONES@bradley.com>
Subject: RE: Discovery responses and expert

Sacha,

The discovery responses that you provided last night do not comply with the Federal Rules of Civil Procedure. As an initial matter, Rule 34(b)(2)(C) requires that "An objection must state whether any responsive materials are being withheld on the basis of that objection." From your failure to produce a single document, we assume that you are withholding responsive materials. However, none of your responses so state.

Substantively, your objections are also improper and do not constitute good-faith bases for withholding responsive materials that clearly fall within the scope of discoverable information. You make two specific objections to each request. We address these in turn below.

First, you object that each request "is an improper use of discovery in that, among other things, a subpoena, not a document request, is necessary to obtain discovery from a designated expert absent a stipulation, and, no stipulation has been entered into between the parties." Though Artissimo might be required to use a subpoena to obtain materials directly from the expert, that is not what Artissimo has sought. Rather, Artissimo propounded these requests on Neofonie. Rule 34(a) allows Artissimo to obtain from Neofonie "items in [Neofonie's] possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Your objections do not claim that these items are not in Neofonie's possession, custody, or control. Therefore, it is not proper for Neofonie to withhold documents on this basis.

Second, you object to each request "on the grounds, or to the extent, that the documents sought are protected by the attorney-client privilege and/or attorney work product doctrine." Many of these requests could not possibly seek privileged information or information covered by the attorney work product doctrine. For example, Request 3 seeks "Copies of ANY publications by the expert." Additionally, several of the requests (including 1, 4, 11, 12, 13, and 16) specifically exempt anything privileged from the scope of the request, and yet you have objected on the basis of privilege. Moreover, Rule 26(b)(4)(C) explains the extent to which communications between the party's attorney and expert are privileged. That rule makes clear that communications about the compensation paid to the expert, the facts or data that the attorney provided to the expert and that the expert considered, and the assumptions that the attorney provided to the expert and that the expert relied upon are discoverable. Requests 13, 14, and 15 specifically seek this information, and there cannot be a good-faith basis for claiming privilege for information that the Federal Rules specify is not privileged.

Please immediately retract these responses, replace them with ones compliant with the Federal Rules of Civil Procedure, and produce the responsive documents. To the extent that you intend to stand on these objections, please provide the legal basis for your assertions that this information cannot be sought through Rule 34 and for your assertions that these documents are privileged. As compliant responses are now overdue, we would appreciate your response by the end of the day tomorrow, Wednesday, November 28. I have attached both our requests and your responses for your convenience.

Please let us know about the availability of your expert for deposition as soon as possible.

Thank you,
Kimberly

Kimberly Ingram
Attorney | Bradley
615.252.3592


-----Original Message-----
From: Ingram, Kimberly
Sent: Saturday, November 24, 2018 1:41 PM
To: svemanul@live.com
Cc: Sales, Peter <psales@bradley.com>
Subject: Re: Discovery responses and expert

Sacha,

We have not received any notification regarding the responses to the requests for production or documents from you. Such responses were due yesterday. Due to the delay in production and the necessity of those documents for deposing the expert, we may need to look at dates after the discovery cut-off (11/30) for the deposition of the expert.

Thanks,
Kimberly

Sent from my iPhone

> On Nov 21, 2018, at 3:46 PM, Ingram, Kimberly <kingram@bradley.com> wrote:
>
> Sacha,
>
> We wanted to confirm that you will be producing documents in a timely fashion in response to our requests served on October 24, 2018. Also, we want to look at dates for deposing Neofonie's expert. Can you please provide dates that he is available?
>
> Hope you have a happy Thanksgiving.
>
> Thanks,
> Kimberly
>
> Sent from my iPhone

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

**svemanul@live.com**

**From:** svemanul@live.com
**Subject:** FW: Discovery responses and expert

-----Original Message-----
From: Ingram, Kimberly <kingram@bradley.com>
Sent: Thursday, November 29, 2018 3:21 PM
To: sacha emanuel <svemanul@live.com>
Cc: Sales, Peter <psales@bradley.com>; Jones, Roger <RJONES@bradley.com>
Subject: RE: Discovery responses and expert

Sacha,

Neofonie's responses to the requests for production are non-compliant with the Federal Rules of Civil Procedure. We asked you to either: (1) retract and replace your responses with compliant responses and produce responsive documents or (2) provide the legal basis for your assertions that this information cannot be sought through Rule 34 and for your assertions that these documents are privileged. You have done neither.

Instead, you have demanded that Artissimo pay the costs for documents responsive to its requests for production on the basis that the expert is "better suited" to produce these documents. You have not provided any legal basis for this demand, and we are not aware of any such basis under the Federal Rules. Certainly, the Federal Rules authorize the Court to order cost-shifting and a party may request such cost-shifting where ESI is not reasonably accessible. However, Neofonie did not timely seek such relief and did not claim that the material was ESI that was not reasonably accessible (which would be difficult to believe given the nature of the request).

As you know, the default rule is that each party bear its own costs in responding to discovery. There can be no question that this information is discoverable under Rule 26, that the requests were timely served with a due date prior to the discovery cut-off, and that Artissimo is entitled to such information in the possession, control, or custody of Neofonie under Rule 34. It does not matter if Artissimo could have also sought the documents from the expert; Artissimo is entitled to seek from Neofonie discoverable information in Neofonie's possession, control, or custody, and, indeed, discovery from parties is generally favored over discovery from non-parties. Neofonie thus must bear the cost of producing responsive documents within its possession, custody, or control.

As a gesture of good faith and cooperation, Artissimo will forego the deposition of the expert to allow Neofonie more time to collect the responsive documents. However, the documents (and compliant responses) are overdue. When can we expect to receive such responses and documents from you?

Thank you,
Kimberly


Kimberly Ingram
Attorney | Bradley
615.252.3592