EMANUEL LAW FIRM
Sacha V. Emanuel (SBN 218705)
svemanul@gmail.com
Raphael B. Emanuel (SBN 218755)
remanuellaw@gmail.com
1875 Century Park East, Suite 2150
Los Angeles, California 90067
Telephone: (310) 881-6814
Facsimile: (310) 881-6801

Attorneys for Plaintiff/Counter-Defendant
Neofonie GmbH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEOFONIE GMBH, a German corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARTISSIMO DESIGNS LLC, a Delaware limited liability company,<br><br>Defendant.<br>_____<br><br>AND COUNTERCLAIM | Case No.: 8:17-cv-00772 CJC (JDEx)<br><br>**REPLY OF NEOFONIE GMBH TO DEFENDANT'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE LAY WITNESSES FROM GIVING AN EXPERT OPINION**<br><br>Hon. Cormac J. Carney<br><br>Hearing: January 14, 2019<br>Time: 3:00 p.m.<br>Place: Courtroom 7C, 350 W. 1st St.<br>Los Angeles, California 90012 |

REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 2

# TABLE OF CONTENTS

Pages

I. INTRODUCTION………………………..…………………...............2

II. ARGUMENT

    A. Defendant Should Not Be Permitted To Offer Any Testimony Regarding Topics 1, 2, 4, 5, 6, 7, and 8……………………………..3

    B. Defendant's Lay Witness Employees Should Not Be Permitted To Give Opinion Testimony Regarding The Usability By Third Parties And Functionality Of The MVP (Topic 3)…………………………..4

    C. Nor Should Defendant's Lay Witnesses Be Permitted To Give Opinion Testimony Regarding Whether Neofonie Timely Or Adequately Integrated The MVP With Defendant's AX Software (Topic 9)………………………………………………………...4

    D. Defendant's Lay Witnesses Should Also Be Precluded From Giving Expert Opinion Testimony Regarding Topics 2, 6, 7 and 8 As It Relates To The MVP……………………………………………………5

    E. The Probative Value Of Defendant's Opinion Testimony Regarding Topics 2, 3, 6, 7, 8 and 9 Is Far Outweighed By The Dangers of Confusing The Issues and Misleading The Jury……………….6

III. CONCLUSION……………………………………………………8

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

**Federal**

Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 993 (9th Cir. 2009)..6

**FEDERAL STATUTES**                                                  **PAGE**

Fed.R. Evid 401…………………………………………………........................6

Fed.R. Evid 402…………………………………………………........................6

Fed.R. Evid 403…………………………………………………........................6

Fed.R. Evid 602...………………………………………………........................4

I. **INTRODUCTION**

Defendant seeks to mislead the jury at trial by having its lay witness employees give expert opinions about the usability by third parties or the functionality of the minimum viable product ("MVP") for *artdesigns.com* delivered by Neofonie (Topic 3), and whether or not the MVP was timely and adequately integrated with Defendant's Microsoft AX software (Topic 9). Such opinion testimony by Defendant's lay witnesses is improper because it requires the specialized knowledge of an expert.

Furthermore, such lay testimony about these topics is also improper because the usability of the MVP by a third party is not within the personal knowledge of Defendant's lay witness employees. Additionally, the term "usability" is undefined, subjective, and not contained within the parties' Phase II Agreement. Allowing such testimony would be highly prejudicial to Neofonie as it would mislead and confuse the jury into believing that the parties' agreed to adhere to a subjective and undefined standard not contained within the Phase II Agreement with respect to the delivery of the MVP.

In its opposition, Defendant concedes that it has abandoned and will not offer any testimony regarding many of the theories asserted in its Counterclaim, including:

(Topic 1): Whether Neofonie complied with basic usability principles in developing the MVP;

(Topic 2): What items, deliverables, features, or sub-features are required for the basic functionality or usability of an e-commerce MVP;

(Topic 4): Whether Neofonie used proper judgment in deciding what features of the MVP to develop from scratch;

(Topic 5): Whether Neofonie used best practices in developing the MVP;

(Topic 6): The process concerning the testing, discovery, and fixing of bugs on

an e-commerce MVP project and whether the process at issue was outside of normal industry standards;

(Topic 7): The migration of an MVP from a test environment to a live environment; and

(Topic 8): The frequency and effect of budget and time overruns on an e-commerce MVP project.

Neofonie's motion should be granted as to these topics and an order should issue barring Defendant from introducing any evidence, including rebuttal evidence, regarding these topics.

In its opposition, Defendant also argues that with respect to Topics 2, 6, 7, and 8, its lay witnesses should be permitted to give testimony regarding these topics to the extent it relates to the MVP at issue. However, Defendant's lay witnesses should not be permitted to give opinions regarding these topics as they relate to the MVP at issue that are not rationally based on their perception or which require specialized knowledge. For example, conclusory, lay opinion testimony about the number of bugs, their severity, or how easily they can or cannot be fixed should not be permitted.

## II. ARGUMENT

### A. Defendant Should Not Be Permitted To Offer Any Testimony Regarding Topics 1, 2, 4, 5, 6, 7 and 8.

In its opposition, Defendant states that it has abandoned the theories alleged in its Counterclaim relating to topics 1, 4, and 5 and that it does not intend to offer any testimony at trial relating to these topics. Defendant also states in its opposition that to the extent Topics 2, 6, 7, and 8 relate to an industry standard MVP, it does not intend to offer any testimony regarding these topics.

An order should therefore issue barring Defendant from introducing any evidence at trial, including rebuttal evidence, relating to topics 1, 2, 4, 5, 6, 7 and 8.

F91112F5.doc

-3-

**REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 2**

### B. Defendant's Lay Witness Employees Should Not Be Permitted To Give Opinion Testimony Regarding The Usability By Third Parties And Functionality Of The MVP (Topic 3).

The usability of the MVP by Defendant's third party customers is not within the personal knowledge of Defendant's employees. (See Fed.R. Evid. 602 – which requires witnesses to have personal knowledge of the matters to which they testify.) Such opinion testimony regarding this issue is simply too speculative, lacking in probative value, and prejudicial to Neofonie to be admissible.

Additionally, opinions from Defendant's lay witness employees about the usability or functionality of the MVP would require scientific, technical, and other specialized knowledge.  The term usability would need to be properly defined, third parties would need to be clearly identified, polled, interviewed, and/or have at least attempted to use the MVP in order for an opinion to be given on their behalf as to its usability.

Furthermore, with respect to functionality in software development, because this refers to how software components interact with each other, and requires an interface among people, machines, and software systems, opinion testimony as to functionality therefore requires the skill and knowledge of an expert.  The limited perception of lay witnesses is both unhelpful and insufficient to form conclusions about the functionality of the MVP.

### C. Nor Should Defendant's Lay Witnesses Be Permitted To Give Opinion Testimony Regarding Whether Neofonie Timely Or Adequately Integrated The MVP With Defendant's AX Software (Topic 9).

Defendant seeks to oversimply the technical aspects of the software development process so its employees can offer opinions based on their personal knowledge on a question that Defendant concedes in advance requires expert

knowledge.  Defendant realizes that its employees do not have the skill and knowledge to understand the integration of software components, here the integration of Defendant's AX software with the MVP.  Despite acknowledging that expert knowledge is required, it claims that "whether it worked" (presumably the integration) is a simple question upon which a lay person can offer an opinion.  As previously stated the interaction of software components that occurs when they are integrated, speaks to functionality, requiring an expert's opinion to be helpful rather than confusing to a jury.

### D. Defendant's Lay Witnesses Should Also Be Precluded From Giving Expert Opinion Testimony Regarding Topics 2, 6, 7 and 8 As It Relates To The MVP.

Defendant's lay witnesses should be barred from offering opinions that require expert knowledge such as which software features were required for the functionality or usability of the MVP for the reasons set forth in Section III B above.

Nor should they be able to testify regarding the severity of bugs, and how easily fixable they were, the migration process of the MVP from a test environment to a live environment, and the effect of time overruns in this case.  These matters require specialized knowledge to assist the jury in understanding how the development of an ecommerce MVP must assemble a product that incorporates the interactions of people, software and machines to be functional. Testimony from Defendant's employees recounting their own experiences does not help the jury understand the development process, the integration of software components and its effect, how bugs appear, how serious they are, and how easily fixable they may be.

Neofonie does not argue, at this stage, whether or not Defendant's employees have personal knowledge of, at least some, of the issues discussed.  Rather, Neofonie argues that Defendant's employees' opinions, based on their personal

F91112F5.doc                                    -5-

**REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 2**

experiences and not on technical and specialized knowledge, are confusing, wasteful, and certainly not helpful to a jury.

### E. The Probative Value Of Defendant's Opinion Testimony Regarding Topics 2, 3, 6, 7, 8 and 9 Is Far Outweighed By The Dangers of Confusing The Issues and Misleading The Jury.

Even if evidence is considered relevant, evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid.. 403; <u>Dream Games of Arizona, Inc. v. PC Onsite</u>, 561 F.3d 983, 993 (9th Cir. 2009).  Evidence has probative value only if it has any tendency to make the existence of any legally necessary proposition in the case more or less likely.  Fed. R. Evid. 401-402.

The court should exclude Defendant's lay witnesses' opinion testimony because its probative value is far outweighed by the dangers of confusing the issues, misleading the jury, and wasting time.  For example, testimony from Defendant's lay witness employees about the usability or functionality of the MVP has little or no probative value as they are not qualified to give such opinions, and the word "usability" is subjective, undefined and not even used in the parties' Phase II Agreement.  Allowing such testimony would be highly prejudicial to Neofonie as it would mislead and confuse the jury into believing that the parties' agreed to adhere to a subjective and undefined standard not contained within the Phase II Agreement with respect to the MVP.

## III. CONCLUSION

For the foregoing reasons, Neofonie respectfully requests that this Court issue the order *in limine* requested.

F91112F5.doc                                    -6-

**REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 2**

1 | Dated: December 31, 2018

2 | EMANUEL LAW FIRM

4 | By:/s/
5 | Sacha V. Emanuel
Attorneys for Plaintiff

F91112F5.doc    -7-

**REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 2**