1

EMANUEL LAW FIRM

2

Sacha V. Emanuel (SBN 218705)
 svemanul@gmail.com

3

1875 Century Park East, Suite, 2150

4

Los Angeles, California 90067
Telephone:   (310) 881-6814

5

Facsimile:    (310) 881-6801

6

7

Attorneys for Plaintiff/Counter-Defendant
Neofonie GmbH

8

9

BRADLEY ARANT BOULT CUMMINGS LLP
Roger G. Jones (TN Bar No. 11550)
 rjones@bradley.com

10

Peter C. Sales (TN Bar No. 25067)
 psales@bradley.com

11

12

Kimberly M. Ingram (State Bar No. 305497)
 kingram@bradley.com

13

1600 Division Street, Suite 700

14

Nashville, TN 37203
Telephone: (615) 252-2365

15

Facsimile: (615) 252-6365

16

17

Attorneys for Defendant/Counter-Claimant
Artissimo Designs LLC

18

19

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

20

21

NEOFONIE GMBH, a German
corporation,

22

            Plaintiff,

23

24

vs.

25

ARTISSIMO DESIGNS LLC, a
Delaware limited liability company,

26

27

            Defendant.

28

Case No.: 8:17-cv-00772 CJC
(JDEx)

PROPOSED REVISED CASE
MANAGEMENT ORDER

Hearing Date: None Set
Hearing Time: None Set
Courtroom: 7C

The Honorable Cormac J. Carney

-1-

1

ARTISSIMO DESIGNS LLC,

2

3              Counter-Plaintiff.

4     vs.

5

NEOFONIE GMBH,

6

7              Counter-Defendant.

8

9         Pursuant to the Rule 26 of the Federal Rules of Civil Procedure and the

10    Court's Order of January 2, 2019 (Doc. No. 57), Plaintiff/Counter-Defendant,

11    Neofonie GmbH, and Defendant/Counter-Plaintiff, Artissimo Designs LLC,

12    hereby provide their Proposed Revised Case Management Order.   Below is a

13    revised version of the parties' Joint Rule 26(f) Report (Doc. No. 13) followed by

14    the proposed order.

15

16        **A.     STATEMENT OF THE CASE**

17            1. Plaintiff's Statement of the Case

18        On or around May 23, 2016, Plaintiff, a leading IT full-service provider for

19    digital solutions, and Defendant, a manufacturer and distributor of wall art, entered

20    into a written agreement whereby the parties agreed to "work together" to develop,

21    test and launch a minimum viable product ("MVP") for  a new website called

22    artdesigns.com.

23        Neofonie performed the agreement by delivering all the deliverables to the

24    Defendant, including the MVP developed and tested according to the MVP

25    definition in the parties' contract. Neofonie's performance was timely as the

26    original, anticipated launch date of the MVP was preliminary, and shifted during

27    the project, at Defendant's request, because of problems and failures on

28    Defendant's end.

PROPOSED REVISED CASE MANAGEMENT ORDER

1    Despite Neofonie performing its part of the agreement, Defendant failed to pay

2    Neofonie's invoices which were due upon receipt, and prevented the MVP from

3    going live because it failed to obtain a Magnolia license, a must-have prerequisite

4    for the MVP, that Defendant was contractually obligated to obtain and

5    unquestionably failed to obtain. Because Defendant failed to obtain a Magnolia

6    license, Neofonie was unable to move the MVP from the test server to the live

7    production server.

8    Artissimo also prevented the MVP from going live by failing to act reasonably

9    or in good faith during its quality assurance testing of the MVP delivered by

10   Neofonie, and terminating the parties' agreement without giving Neofonie any

11   prior written warning or reasonable opportunity to cure any alleged breach as

12   required by the parties' agreement. As of the day prior to Defendant's termination

13   of the agreement, there were only minor issues reported which Defendant

14   mischaracterized as severe and which Neofonie could have quickly and easily

15   fixed (perhaps within one day).

16   Plaintiff fully performed its contractual duties, and always remained ready,

17   willing, and able at all times until the date of termination to continue to perform

18   its contractual duties. Defendant owes Plaintiff a past due balance of

19   approximately 272,013 Euros, plus interest, late charges, and costs.

20        2.  Defendant's Statement of the Case

21    In early 2016, Defendant, the leading North American provider of ready-to-

22   hang wall art, engaged Plaintiff to create a deliver a direct-to-consumer

23   ecommerce website ("artdesigns.com") where Artissimo would be able to sell a

24   high-end line of products.  On or about May 23, 2016, Plaintiff and Defendant

25   entered into a written agreement for Phase Two of this project ("Contract"), in

26   which Plaintiff was to implement a Minimum Viable Product ("MVP") for

27   Defendant based on the design created in Phase One.  The MVP would contain all

28   essential features for Artissimo's ecommerce site, as laid out in the Contract.  In

PROPOSED REVISED CASE MANAGEMENT ORDER

exchange for the MVP, Defendant would pay Plaintiff $512,000. As Phase Two progressed, Plaintiff proved unwilling or unable to fully perform and repeatedly failed to meet deadlines for delivery of the functional MVP. In fact, Plaintiff never delivered a working MVP to Defendant. As a result, Defendant ended the relationship and refused to pay additional sums for Plaintiff's non-performance. Furthermore, Plaintiff's failure to perform delayed implementation of Defendant's ecommerce site for approximately one year, costing Defendant substantial profits.

## B. SUBJECT MATTER JURISDICTION

The parties agree that this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(2) because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

## C. LEGAL ISSUES

Plaintiff and Defendant agree that the key legal issues will be satisfaction of the elements of each cause of action alleged in the Complaint and Counter-Complaint. Without limitation, Plaintiff contends that Defendant's failure to pay Neofonie's invoices (which were due upon receipt): failure to obtain a Magnolia license; failure to provide information to Neofonie; failure to act reasonably and in good faith during its quality assurance testing; and failure to give a written warning and opportunity to cure any alleged breach are key legal issues. Similarly, and also without limitation, Defendant identifies whether Plaintiff's failure to deliver a functional product that met the requirements in the Contract was a breach of the agreement as a key legal issue.

## D. DAMAGES

Plaintiff alleges damages for Defendant's non-payment of invoices in the amount of 272,013 Euros.

Defendant alleges damages in the amount of $1,078,117.74, including $280,842.74 of restitution of amounts paid to Neofonie, $284,875.00 of costs

PROPOSED REVISED CASE MANAGEMENT ORDER

resulting from Plaintiff's breach, and $512,400 of lost profits resulting from Plaintiff's breach.

### E.     INSURANCE

The parties do not believe there is insurance coverage for any of the claims or defenses in this action.

### F.     MOTIONS TO ADD PARTIES AND/OR AMEND PLEADINGS

Moot—deadline has passed.

### G.     MANUAL FOR COMPLEX LITIGATION

The parties do not believe any part of the procedures of the Manual for Complex Litigation should be utilized.

### H.     STATUS OF DISCOVERY

The parties have completed service of discovery.  Defendant continues to seek responsive documents from Plaintiff that were promised, but not produced, in discovery between the parties and deposition of Plaintiff's representative as to such documents.  Plaintiff disputes that Defendant requested such documents in accordance with the Federal Rules of Civil Procedure and believes that Defendant has in its possession or access to some of the documents requested.

### I.     DISCOVERY PLAN

Moot—deadline has passed.

### J.     DISPOSITIVE MOTIONS

Defendant has filed a motion for partial summary judgment, as to liability, which Plaintiff has opposed.  Plaintiff has not filed a motion for summary judgment.

### K.     SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

The parties have attended mediation in this matter.  The mediation was not successful.

PROPOSED REVISED CASE MANAGEMENT ORDER

**L.     TRIAL ESTIMATE**

The parties propose four (4) court days for a jury trial.  Plaintiff anticipates calling 3-4 witnesses.  Defendant anticipates calling 4-5 witnesses.

**M.     TRIAL COUNSEL**

Plaintiff will be represented at trial by Sacha V. Emanuel of Emanuel Law Firm.  Defendant will be represented at trial by Peter C. Sales and/or Kimberly M. Ingram of Bradley Arant Boult Cummings LLP.

**N.     PROPOSED TRIAL AND FINAL PRETRIAL CONFERENCE**
         **DATES**

The parties believe an April or May trial date would be appropriate, if the Court's schedule allows, and identify the following dates that the parties and their counsel are available for the trial to commence: April 22, April 23, May 13, or May 20, 2019.  The parties believe that the final pre-trial conference should be set for one week prior to trial.

**O.     INDEPENDENT EXPERT OR MASTER**

The parties agree that this is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**P.     OTHER ISSUES**

The parties do not presently anticipate requesting any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

PROPOSED REVISED CASE MANAGEMENT ORDER

1    Having reviewed the submission of the parties, the Court re-sets the final

2  pre-trial conference and the trial date in the above-captioned matter as follows:

3         Pre-Trial Conference: _____, 2019

4         Trial Begins: _____, 2019

5    IT IS SO ORDERED.

6

7  Dated: _____

8

9                                   _____

10                                  The Honorable Cormac J. Carney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED REVISED CASE MANAGEMENT ORDER

1

Respectfully submitted,

2

EMANUEL LAW

3

4

DATED:  January 14, 2019      By:  _/s/ Sacha V. Emanuel_

5

Sacha V. Emanuel
Attorneys for Plaintiff/Counter-

6

Defendant
Neofonie GmbH

7

8

DATED: January 14, 2019      BRADLEY ARANT BOULT

9

CUMMINGS LLP

10

11

By: _/s/ Kimberly M. Ingram_

12

Roger G. Jones
Peter C. Sales

13

Kimberly M. Ingram

14

Attorneys for Defendant/Counter-

15

Claimant Artissimo Designs, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-