BRADLEY ARANT BOULT CUMMINGS LLP
Roger G. Jones (*pro hac vice*)
rjones@bradley.com
Peter C. Sales (*pro hac vice*)
psales@bradley.com
Kimberly M. Ingram (SBN 305497)
kingram@bradley.com
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2365
Facsimile: (615) 252-6365

*Attorneys for Defendant
Artissimo Designs LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEOFONIE GMBH, a German corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARTISSIMO DESIGNS LLC, a Delaware limited liability company,<br><br>Defendant.<br><br>ARTISSIMO DESIGNS LLC,<br><br>Counter-Plaintiff.<br><br>vs.<br><br>NEOFONIE GMBH<br><br>Counter-Defendant. | Case No.: 8:17-cv-00772 CJC (JDEx)<br><br>DEFENDANT/COUNTER-PLAINTIFF'S MOTION *IN LIMINE* #1 TO EXCLUDE EXPERT TESTIMONY OF DR. ALI KHOSHGOZARAN, PH.D<br><br>Hearing Date: October 7, 2019<br>Hearing Time: 3:00pm<br>Courtroom: 7C<br><br>The Honorable Cormac J. Carney |

Defendant/Counter-Plaintiff Artissimo Designs LLC ("Artissimo") respectfully submits this Motion *in Limine* #1 to Exclude Expert Testimony of Dr. Ali Khoshgozaran, Ph.D. Artissimo hereby notifies Neofonie that the hearing on the motion will take place at the pre-trial conference scheduled for October 7, 2019, at 3:00 p.m. before the Honorable Cormac J. Carney.

As explained in Artissimo's Memorandum of Points and Authorities, filed contemporaneously herewith, Dr. Khoshgozaran purports to have formed five opinions about the subject matter of this case, but each of these opinions either is not reliable or is not helpful to the trier of the fact.

***First***, Dr. Khoshgozaran's opinion that Artissimo "failed to conform to important principles of Agile software development and MVP launch" is neither reliable nor helpful to the trier of fact because: (1) Dr. Khoshgozaran used an unreliable methodology in basing his opinion of Artissimo's conduct on an analysis of one out of 46 features required for the Project; (2) Dr. Khoshgozaran's testimony as to the "industry standard" for a minimum viable product ("MVP") is irrelevant and confusing because the features of *this* MVP are defined solely by the contract between the parties; and (3) Dr. Khoshgozaran's analysis that the *contract* does not conform to industry standards does not support his conclusion that *Artissimo* failed to conform to such standards.

***Second***, Dr. Khoshgozaran's opinions as to Neofonie's use of best practices and implementation of out-of-the box solutions vs. customization should be excluded because they are rebuttal opinions and Artissimo is not pursuing these theories at trial.

***Third***, Dr. Khoshgozaran's opinion that the deficiencies present in the website were not as severe as Artissimo portrayed should be excluded because: (1) Dr. Khoshgozaran failed to test the website and therefore

cannot reliably opine as to the severity of the deficiencies; (2) Dr. Khoshgozaran's opinion is based on an unreasonably small sample of the issues reported with the website; and (3) the opinion simply weighs the credibility of others' opinions and the documentary evidence, which is the province of the jury.  Moreover, Dr. Khoshgozaran's related opinion that a delay of about a month is normal for this type of project is not helpful because it does not address the issues in dispute in this litigation.

*Fourth*, Dr. Khoshgozaran's opinion that Artissimo caused Neofonie's inability to complete the project should be excluded because it is a mere summary of the documentary evidence in this case (presented in a light favorable to Neofonie) and does not require expertise.

*Fifth*, Neofonie should not be able to present *any* opinion of Dr. Khoshgozaran that relies upon documents that it has not produced to Artissimo.  For months, Neofonie failed to produce *any* documents in response to Artissimo's Second Set of Requests for Production, which targeted the documents that its proposed expert relies upon, despite repeated requests.  Even now that Neofonie has produced documents, some documents referenced by the expert are still missing.  Neofonie should not be permitted to rely upon those documents at trial or to introduce testimony that relies upon such documents.

The following exhibits are attached to this Motion:
- Exhibit A – the Expert Report of Ali Khoshgozaran, Ph.D
- Exhibit B – the Phase II Agreement executed on or about May 23, 2018
- Exhibit C – excerpts of the October 30, 2018 deposition of Neofonie's Rule 30(b)(6) witness, Ender Oezguer
- Exhibit D – excerpts of the November 5, 2018 deposition of Artissimo's Rule 30(b)(6) witness, Ravi Bhagavatula

- Exhibit E – Declaration of Kimberly M. Ingram
- Exhibit F – Artissimo's Second Set of Requests for Production of Documents and Things
- Exhibit G – Neofonie's Responses to Artissimo's Second Set of Requests for Production of Documents and Things

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 26, 2019. Pursuant to L.R. 5-4.4.1, Artissimo attaches to this motion a proposed order granting its motion to exclude the proposed expert testimony.

For the reasons stated above and in the papers filed herewith, Artissimo respectfully requests that the Court exclude, or substantially limit, the testimony of Dr. Khoshgozaran.

Dated: September 9, 2019

                        Respectfully submitted,

BY:   */s/ Peter C. Sales*
        Roger G. Jones (TN Bar No. 11550)
        Peter C. Sales (TN Bar No. 25067)
        Kimberly M. Ingram (SBN 305497)
        1600 Division Street, Suite 700
        Nashville, Tennessee 37203
        Telephone:  (615) 252-2365
        Facsimile:   (615) 252/6365
        rjones@bradley.com
        psales@bradley.com
        kingram@bradley.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Kimberly M. Ingram, do hereby certify that on this 9th day of September, 2019, a true and correct copy of the foregoing document is being forwarded to the individual listed below in the manner indicated:

**Via CM/ECF System**
Sacha V. Emanuel, Esquire
Emanuel Law
1888 Century Park East, Suite 1500
Los Angeles, California 90067

         */s/ Kimberly M. Ingram*
         Kimberly M. Ingram, Esq.