EMANUEL LAW FIRM
Sacha V. Emanuel (SBN 218705)
semanuel@emanuel.law
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:   (310) 881-6814
Facsimile:   (310) 881-6801


Attorneys for Plaintiff/Counter-Defendant
Neofonie GmbH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEOFONIE GMBH, a German corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARTISSIMO DESIGNS LLC, a Delaware limited liability company,<br><br>Defendant.<br>_____<br><br>AND COUNTERCLAIM | Case No.: 8:17-cv-00772 CJC (JDEx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE OF NEOFONIE GMBH TO EXCLUDE LAY WITNESSES FROM GIVING AN EXPERT OR OTHERWISE INADMISSIBLE OPINION**<br><br>**MOTION *IN LIMINE* NO. 2.**<br><br>Hon. Cormac J. Carney<br><br>Hearing: October 7, 2019<br>Time:      3:00 p.m.<br>Place: Courtroom 7C, 350 W. 1st St.<br>Los Angeles, California 90012 |

1

## TABLE OF CONTENTS

2

<u>Pages</u>

3      I.   INTRODUCTION…………………..…………………...............4

4      II.  ARGUMENT

5           A. Defendant Should Be Precluded From Offering Testimony From

6              Lay Witnesses In Violation of Fed. R. Evid. 701…………………..5

7           B. Defendant Should Also Be Precluded From Offering Testimony

8              Concerning The Ultimate Legal Questions At Issue………………..7

9           C. The Probative Value Of Defendant's Opinion Testimony Regarding

10             Topics 2, 3, 6, 7, 8 and 9 Is Far Outweighed By The Dangers of

11             Confusing The Issues and Misleading The Jury……………………..8

12     III. CONCLUSION…………………………………………………………9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

## TABLE OF AUTHORITIES

2
                                                                                    **PAGE**

3       **CASES**

4       **Federal**

5       Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 993 (9th Cir. 2009)..8

6       Smith v. Pac. Bell Telephone Co., Inc., 649 F. Supp. 2d 1073 (E.D. Cal. 2009)...7

7       Torres v. City. of Oakland, 758 F.2d 147, 150 (6th Cir. 1985)………………..7

8       Wicker v. Oregon ex rel. Bureau of Labor, 543 F.3d 1168, 1177-78 (9th Cir.

9       2008) …………………………………………………………………………..8

10      **FEDERAL STATUTES**                                                          **PAGE**

11
        Fed.R. Evid 401………………………………………......................................8
12

13      Fed.R. Evid 402………………………………………......................................8

14      Fed.R. Evid 403………………………………………......................................8

15
        Fed.R. Evid 701...……………………………………......................................5
16

17      Fed.R. Evid 702...………………………………………......................................5

18      **LOCAL RULES**

19
        L.R. 7-3………………………………………………………………………...3

20

21

22

23

24

25

26

27

28

**PLAINTIFF NEOFONIE'S MOTION IN LIMINE NO. 2**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on October 7, 2019 at 3:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Cormac J. Carney of the United States District Court for the Central District of California, at 350 W. 1st St., Los Angeles, California 90012, Plaintiff/Counter-Defendant, Neofonie GmbH, ("Plaintiff" or "Neofonie")) will and hereby does move for the exclusion of evidence based on Federal Rules of Evidence Nos. 401, 402, 403, and 701.

Plaintiff anticipates that Defendant/Counter-Claimant, Artissimo Designs, LLC, ("Defendant"), intends to offer into evidence at the trial set to begin on October 22, 2019 evidence and arguments concerning topics that require the opinion of an expert, or that is otherwise objectionable, such as:

(1) Whether or not Neofonie adhered to basic usability principles that were common best practices in performing its development work on the minimum viable product ("MVP") for the website, *artdesigns.com*;

(2) What items, deliverables, features, or sub-features are required for the basic functionality or usability of an e-commerce MVP;

(3) Whether the MVP at issue in this action was usable by or functional to Defendant's customers;

(4) The propriety of Neofonie's decision making in developing certain deliverables, features, or sub-features from scratch rather than using standard out of the box components;

(5) Neofonie's use of common best practices in developing the MVP;

(6) The process concerning the testing, discovery, and fixing of bugs on an e-commerce MVP project and whether the process at issue was outside of normal industry standards;

(7) The migration of an MVP from a test environment to a live environment;

F91112F5.doc                                                    -2-

**PLAINTIFF NEOFONIE'S MOTION IN LIMINE NO. 2**

1    (8) The frequency and effect of budget and time overruns on an e-commerce

2 MVP project; and

3    (9) Whether or not Neofonie timely or adequately integrated the MVP with

4 Defendant's AX software.

5    This Motion is made on the grounds that evidence of this nature constitutes

6 improper lay opinion; is confusing, wasteful, and prejudicial; and otherwise

7 inadmissible.

8    This Motion is based on the Notice of Motion, the Memorandum of Points

9 and Authorities, files in this action, Declaration of Sacha V. Emanuel ("Emanuel

10 Decl."), the exhibits attached thereto, the supporting documents filed concurrently

11 herewith, and upon such oral argument and submissions that may be presented at or

12 before the hearing on this Motion. Plaintiff asks this Court for an Order directing

13 Defendant's counsel to caution, warn, and instruct their witness to follow the same

14 order.

15    Pursuant to Local Rule 7-3, this Motion is made following the conference of

16 counsel that took place on December 10, 2018 and August 26, 2019.

17                                  Respectfully submitted,

18 Dated: September 9, 2019          EMANUEL LAW FIRM

19

20                                  By:/s/_____

21                                       Sacha V. Emanuel
                                         Attorneys For Plaintiff
22

23

24

25

26

27

28
   F91112F5.doc                        -3-

**PLAINTIFF NEOFONIE'S MOTION IN LIMINE NO. 2**

## I.    INTRODUCTION

In this action, Plaintiff/Counter-Defendant, Neofonie GmbH, ("Plaintiff" or "Neofonie") seeks payment of money owed by Defendant/Counter-Claimant, Artissimo Designs, LLC ("Defendant"), in connection with work Plaintiff performed in developing, testing, and attempting to assist with the launch of a minimum viable product ("MVP") for a new e-commerce website, *artdesigns.com*.

Pursuant to a written agreement, Neofonie and Defendant were required to "work together" to develop, test and launch the MVP.  Neofonie performed its end of the agreement by delivering to Defendant all the contractually agreed-upon deliverables, features, and sub-features, developed and tested according to the MVP definition.  Defendant breached the agreement by, among other things, failing to pay Neofonie, despite repeatedly promising to do so, failing to obtain the requisite license for the MVP, and engaging in acts that prevented the MVP from going live.

After filing this action, Neofonie designated an expert witness, Dr. Ali Khoshgazaran, who prepared a detailed report supporting Neofonie's position and refuting many of the arguments and positions taken by Defendant in its Counterclaim.  Defendant failed to designate an expert or rebuttal expert to support any of its defenses or claims.

Defendant now seeks to mislead the jury at trial by having its lay witness employees give expert opinions or otherwise inadmissible testimony, about such topics as whether or not the MVP delivered by Neofonie could be used by Defendant's "customers" (CC¶ 23); and whether or not Neofonie produced a "functional online shop" (¶47).

As these and other areas require, among other things, the opinion of an expert, and Defendant has failed to designate one, Defendant should be precluded from offering testimony from a lay witness in regards to these and other areas. Admitting this improper testimony through live testimony at trial would allow

Defendant to offer an expert in "lay witness clothing" and thus evade the evidentiary requirements for expert witnesses.

## II.    ARGUMENT

### A.    Defendant Should Be Precluded From Offering Testimony From Lay Witnesses In Violation of Fed. R. Evid. 701.

The testimony of a lay witness in the form of opinions or inferences is limited to those opinions or inferences which are (a) "rationally based on the witness's perception," (b) "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (c) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

Topics 3 and 9

Defendant should be precluded from introducing lay opinion testimony from its employees or other lay witnesses about the usability by third parties, or the functionality of, the MVP for *artdesigns.com* (Topic 3).  Opinions from Defendant's lay witness employees about the usability or functionality of the MVP would require scientific, technical, and other specialized knowledge.   The term *usability*, which is undefined in the parties' agreement, would need to be properly defined, third parties would need to be clearly identified, polled, interviewed, and/or have at least attempted to use the MVP in order for an opinion to be given on their behalf as to its usability. Furthermore, such lay testimony about these topics is also improper because the usability of the MVP by a third party is not within the personal knowledge of Defendant's lay witness employees.

Moreover, with respect to functionality in software development, because this refers to how software components interact with each other, and requires an interface among people, machines, and software systems, opinion testimony as to functionality therefore requires the skill and knowledge of an expert.  The limited

F91112F5.doc                                           −5−

perception of lay witnesses is both unhelpful and insufficient to conclude that the MVP was not functional.

Defendant should also be precluded from introducing lay opinion testimony from its employees or other lay witnesses about whether or not the MVP was timely and adequately integrated with Defendant's Microsoft AX software (Topic 9) as such topic requires specialized knowledge.

Topics 1, 2, 4, 5, 6, 7, and 8

Defendant should also be precluded from offering any testimony regarding the following topics as such topics relate to industry standards and therefore require the testimony of an expert:

(Topic 1): Whether Neofonie complied with basic usability principles in developing the MVP. Defendant alleges that Neofonie ignored "basic usability principles that were common best practices." (See Counterclaim ("CC") ¶18 attached to the Declaration of Sacha V. Emanuel as Exhibit 1);

(Topic 2): What items, deliverables, features, or sub-features are required for the basic functionality or usability of an e-commerce MVP. Defendant alleges that certain items of the MVP "are required for basic functionality of an e-commerce site" (CC ¶21);

(Topic 4): Whether Neofonie used proper judgment in deciding what features of the MVP to develop from scratch. Defendant alleges that Neofonie erred in its development work by not "implementing standard non-custom industry standards" or out of the box software;

(Topic 5): Whether Neofonie used best practices in developing the MVP. Defendant alleges that Neofonie failed to implement "best practices" (¶¶32 and 35);

(Topic 6): The process concerning the testing, discovery, and fixing of bugs on an e-commerce MVP project and whether the process at issue was outside of normal industry standards;

F91112F5.doc                                        -6-

(Topic 7): The migration of an MVP from a test environment to a live environment; and

(Topic 8): The frequency and effect of budget and time overruns on an e-commerce MVP project.

Specifically, Defendant should be precluded from offering testimony or the evidence regarding the severity of bugs found in the MVP, and how easily fixable such bugs were, the migration process of the MVP from a test environment to a live environment, and the effect of time overruns in this case. These matters require specialized knowledge to assist the jury in understanding how the development of an ecommerce MVP must assemble a product that incorporates the interactions of people, software and machines to be functional. Testimony from Defendant's employees recounting their own experiences does not help the jury understand the development process, the integration of software components and its effect, how bugs appear, how serious they are, and how easily fixable they may be.

Neofonie does not argue, at this stage, whether or not Defendant's employees have personal knowledge of, at least some, of the issues discussed. Rather, Neofonie argues that the opinions of Defendant's employees' based on their personal experiences and not on technical and specialized knowledge, are confusing, wasteful, and certainly not helpful to a jury.

**B.    Defendant Should Also Be Precluded From Offering Testimony Concerning The Ultimate Legal Questions At Issue.**

All witness testimony opining on the ultimate legal question is prohibited. See, e.g., <u>Torres v. City. of Oakland</u>, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury."). See, e.g., <u>Smith v. Pac. Bell Telephone Co., Inc.</u>, 649 F. Supp. 2d 1073 (E.D. Cal. 2009) (sustaining objections to admission of lay person's affidavit stating that he had notified the

F91112F5.doc                                    −7−

defendants of problems with a GPS system and that they then failed to investigate, finding that there was "nothing in the affidavit to establish [the declarant] [wa]s knowledgeable about or qualified to opine on the reliability of GPS equipment.").

Hence, Defendant's opinion that the MVP was not "usable" or "functional", which are undefined and subjected terms, is not admissible as it is improper opinion testimony concerning an ultimate issue, namely, the issue of performance of the parties' agreement.

### C.    The Probative Value Of Defendant's Opinion Testimony Regarding Topics 2, 3, 6, 7, 8 And 9 Is Far Outweighed By The Dangers of Confusing The Issues And Misleading The Jury.

Even if evidence is considered relevant, evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid.. 403; Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 993 (9th Cir. 2009). Evidence has probative value only if it has any tendency to make the existence of any legally necessary proposition in the case more or less likely. Fed. R. Evid. 401-402; See also Wicker v. Oregon ex rel. Bureau of Labor, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence).

The court should exclude Defendant's lay witnesses' opinion testimony regarding topics 2, 3, 6, 7, 8, and 9 because its probative value is far outweighed by the dangers of confusing the issues, misleading the jury, and wasting time.

For example, testimony from Defendant's lay witnesses employees about the usability or functionality of the MVP has little or no probative value as they are not qualified to give such opinions, and the words usability and functionality are subjective, undefined and not even used in the parties' Phase II Agreement. Allowing such testimony would be highly prejudicial to Neofonie as it would

F91112F5.doc                                    −8−

1   mislead and confuse the jury into believing that the parties' agreed to adhere to a

2   subjective and undefined standard not contained within the Phase II Agreement

3   with respect to the MVP, and that this supposed standard was not adhered to.

4   **III.   CONCLUSION**

5        For the foregoing reasons, Neofonie respectfully requests that this Court

6   issue the order *in limine* requested herein.

7

8    Dated: September 9, 2019

9                                                        EMANUEL LAW FIRM

10

11                                                   By:/s/
                                                        Sacha V. Emanuel
12                                                      Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F91112F5.doc                                    -9-