BRADLEY ARANT BOULT
CUMMINGS LLP
Roger G. Jones (*pro hac vice*)
rjones@bradley.com
Peter C. Sales (*pro hac vice*)
psales@bradley.com
Kimberly M. Ingram (SBN 305497)
kingram@bradley.com
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2365
Facsimile: (615) 252-6365

*Attorneys for Defendant*
*Artissimo Designs LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEOFONIE GMBH, a German corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARTISSIMO DESIGNS LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 8:17-cv-00772 CJC (JDEx)<br><br>STATUS UPDATE REGARDING ARTISSIMO'S INABILITY TO COMPLY WITH COURT-ORDERED MEDIATION |
| ARTISSIMO DESIGNS LLC,<br><br>Counter-Plaintiff.<br><br>vs.<br><br>NEOFONIE GMBH<br><br>Counter-Defendant. | |

In an Order entered on Monday, September 16, 2019, the Court vacated the existing pretrial conference and trial dates and "order[ed] the parties to participate in a settlement conference within 30 days of this Order." (Doc. No. 77.)  Under Rule 6(a) of the Federal Rules of Civil Procedure, the deadline for compliance with this Order would be Wednesday, October 16, 2019.

Unfortunately, since that time, Plaintiff/Counter-Defendant Neofonie GMBH ("Neofonie") has consistently refused to attend the Court-ordered mediation in person, as required by Local Rule 16-15.5(b).  And as explained further below, Neofonie's counsel has also ignored Artissimo's offer to meet and confer regarding the motion Neofonie would be required to file to obtain relief from the in-person requirement.  Artissimo believes Neofonie's personal appearance is necessary in this matter not only because the Local Rules require it, but also because the previous mediation that Neofonie attended telephonically (over Artissimo's objection) failed to produce settlement.

Artissimo has explained its position to Neofonie's counsel and repeatedly requested Neofonie's cooperation.  Nevertheless, it appears that, based on Neofonie's stated position, Artissimo will be unable to comply with the Court's Order.  Artissimo asks that the Court enter whatever orders it deems necessary to resolve this conflict so that the parties may have productive settlement negotiations.

### Relevant Factual Background

Artissimo's counsel first reached out to Neofonie's counsel about scheduling mediation the day after the Court's Order was entered.  (*See* Decl. of Peter C. Sales, attached hereto as Exhibit 1, at ¶ 3; Sept.-Oct. 2019 email chain between Peter C. Sales and Sacha Emanuel, attached hereto as

Exhibit 2.) At that time, Artissimo's counsel made its position as to personal attendance clear, suggested a mediator, offered to split mediation costs 50/50, and asked for Neofonie's available dates. (Ex. 2.) In a second email that same day, Artissimo's counsel provided a date when the proposed mediator was available. (*Id.*) The next day, Artissimo's counsel notified Neofonie's counsel of a change in the proposed mediator's availability, offered to consider any alternative mediators, and again asked for Neofonie's available dates. (*Id.*) Having received no response, Artissimo's counsel sent additional emails on September 20 and September 24, 2019. (*Id.*)

Finally, on September 25, 2019—more than a week after the Court's Order and Artissimo's initial email—counsel for Neofonie, explaining that he was "very busy," provided "some dates on which [Neofonie] is available." (*Id.*) He added: "The judge did not order my client to be available in person and, as you know, my client is based in Germany." (*Id.*) Counsel's email made no mention of the Local Rule's requirement for in-person attendance or any intention to seek leave for his client to appear remotely. A second email followed ten minutes later, wherein Neofonie's counsel revealed that he had not, and refused to, even ask his client to attend the mediation in person. (Ex. 1 at ¶ 4.)[1]

Within four hours, Artissimo's counsel responded explaining, in relevant part:

> [C]onsidering that the last mediation was unsuccessful and your client merely participated via video (over Artissimo's

---

[1] Because that email contains several references to substantive discussions in the prior mediation, Artissimo has not included it with this filing. (*Id.*)

>objection), I do not believe that your email and your refusal to even ask your client to attend an in-person mediation in Los Angeles (where your client filed this matter) is productive. In my experience, the success of a telephonic or video mediation is rare, at best.
>
>It is clear that Judge Carney intends to provide the parties every opportunity to resolve this matter without a trial. Accordingly, your refusal to even ask your client to attend an in-person mediation seems to be counterproductive to Judge Carney's efforts. Moreover, L.R.16-15.5(b) requires that the mediation be in-person. Accordingly, to the extent you refuse to reconsider your position or your client refuses to attend the in-person mediation, Neofonie must file a motion with Judge Carney seeking leave.

(Ex. 2.) In response, on September 26, 2019, Neofonie's counsel demanded that Artissimo make a settlement offer before mediation and continued to refuse to ask his client to attend mediation in person. (Ex. 1 at ¶ 5.)

On September 27, 2019, Neofonie suggested an alternative mediator. (*Id.* at ¶ 6; Sept. 2019 email chain between Peter C. Sales and Sacha Emanuel, attached hereto as Exhibit 3.) Artissimo's counsel responded to this email the same day, thanking Neofonie for the suggestion, and then reiterated: "However, you still must provide dates that you and your client are available for an in-person mediation in Los Angeles. Alternatively, please provide a date and time for a meet and confer regarding your motion seeking leave of Court for relief of the requirement of an in-person mediation as stated in L.R. 16-15-5(b)." (Ex. 2.) Also on September 27,

2019, Artissimo's counsel contacted the suggested mediator's office, determined he had no availability until April 2020, and provided an alternative list of mediators. (Ex. 3.)

Neofonie's counsel responded on September 30, 2019, stating he would consider these mediators and making alternative suggestions for a settlement conference. (*Id.*) That same day, Artissimo's counsel thanked Neofonie's counsel for the consideration of those mediators and agreed to consider his alternative proposals. (Ex. 2.) However, Artissimo's counsel reiterated that "you must still provide a date that you and your client are available to be in Los Angeles for an in-person mediation, as is required by the Local Rules." (*Id.*) Artissimo's counsel also explained: "We are quickly approaching Judge Carney's deadline. If you continue to refuse, I will be left with no alternative but to notify the court of your refusal." (*Id.*) Artissimo's counsel reiterated this request on October 1, 2019. (*Id.*)

On October 2, 2019, Neofonie's counsel suggested a half-day mediation on October 9, 2019. (Ex. 1 at ¶ 7.) Artissimo's counsel responded: "if you believe a half day would be sufficient, we are willing to entertain that (I need to confer with my client) but you must guarantee that you client will attend in-person as is required by the local rules." (Ex. 2.)

On October 3, 2019, Neofonie's counsel mentioned that he believed the parties needed more time for the mediation. (Ex. 1 at ¶ 8.) Artissimo's counsel reiterated its concerns about Neofonie's refusal to attend the mediation in person or meet and confer as to a motion for Neofonie to be excused from the personal attendance requirement. (Ex. 2.) Artissimo's counsel explained: "any possible constraints now placed on the parties as to the completion of the mediation has been caused by your refusal to comply with the requirements for an in-person mediation as provided in Local Rule

L.R. 16-15-5(b). In fact, you explicitly refused even to consult with your client regarding available dates for an in-person mediation." (*Id.*)

Neofonie's counsel made other suggestions as to potential mediators on October 4 and 10, 2019, but he did not commit to Neofonie's personal attendance (or to even asking his client to personally attend). (Ex. 1 at ¶ 9.) Consequently, on October 4, 8, and 11, 2019, Artissimo's counsel reiterated Artissimo's position that, absent approval to be excused, Local Rules required in-person attendance for the mediation. (Ex. 2.) On October 11, 2019, Artissimo added that it "intend[ed] to file a Status Update with the Court regarding the parties' compliance with the Court's Order requiring mediation on Monday [October 14]" if Neofonie's position remained unchanged. (*Id.*)

On October 14, 2019, Neofonie's counsel requested that, if Artissimo believed a status report was necessary, it delay filing the status report so that it could be a joint report. (Ex. 1 at ¶ 10; redacted[2] October 14, 2019 email between Peter Sales and Sacha Emanuel, attached hereto as Exhibit 4.) Artissimo agreed to wait until 5:00 pm Central time on October 15, 2019, to file and asked Neofonie to provide its position for insertion into the report by 4:00 p.m. Central time. (Ex. 4.) As of this filing (which occurred after 5:00 p.m. Central time), Artissimo's counsel has not received anything from Neofonie's counsel to include in this filing. (Ex. 1 at ¶ 10.)

In the same October 14, 2019 email, Neofonie's counsel again took the position that the Order did not require in-person mediation and, for the

---

[2] This email has been redacted to omit references to the substance of the settlement discussions at the prior mediation.

first time, explained that he did not believe Local Rule 16-15.5(b) required his client to attend in person. (Ex. 4.) Neofonie pointed to the language of the rule allowing "parties residing outside the District" to appear telephonically, "at the discretion of the settlement officer." (*Id.*) For the first time, Neofonie's counsel explained that he believed that, under this Rule, the parties should choose the mediator and then let the mediator decide whether a telephonic appearance is permitted. (*Id.*)

### **Relevant Factual Background**

Since the Order was issued, Artissimo has diligently pursued mediation. However, Neofonie has refused to commit to personal attendance at the mediation or to meet and confer about the motion that would be needed to excuse it from this requirement. Only yesterday has Neofonie indicated any legal basis for its refusal: its belief that it should ask the mediator instead of the Court. As explained below, personal attendance is required by both the Local Rules and the practicalities of this matter, and in this case, this is a matter for the Court.

First, contrary to Neofonie's arguments, Local Rules generally require in-person mediation:

> ***Each party shall appear*** at the settlement proceeding in person or by a representative with final authority to settle the case . . . . A corporation or other non-governmental entity satisfies this attendance requirement if represented by a person who has final settlement authority and who is knowledgeable about the facts of the case. . . . ***At the discretion of the settlement officer, and only with the settlement officer's express authorization***, parties residing outside the District may have a representative

STATUS UPDATE REGARDING MEDIATION

with final settlement authority available by telephone during the entire proceeding, in lieu of personal appearance.

L.R. 16-15.5(b) (emphasis added). The Rule provides an exception where appropriate. However, the language of the Rule is quite clear that personal attendance is the general rule. Express authorization is required if a party wishes to have that requirement waived.

Artissimo has repeatedly suggested to Neofonie that, if it wishes to appear telephonically, it should ask the Court for permission. Although Artissimo would oppose that request on the merits for the practical reasons stated below, it has offered to meet and confer with Neofonie so as to move the process forward. Neofonie has ignored that request.

Yesterday, Neofonie—which had never previously challenged Artissimo's reading of the Local Rule—argued for the first time that the mediator should determine this issue rather than the Court. Respectfully, a mediator will not have the full picture of this case. The Court, on the other hand, clearly recognized that a mediation in this particular case would be valuable when it ordered the parties to undertake mediation again. As the mediation order came from the Court, it is most appropriate to have the Court determine whether the plaintiff should be required to attend mediation in person.

Ultimately, Neofonie should be required to attend the mediation in person in Los Angeles. Neofonie is the plaintiff in this matter and chose to file litigation in this forum. In the more than two years that this matter has been pending, Neofonie has been required to come to Los Angeles only once, for a Rule 30(b)(6) deposition. (Ex. 1 at ¶ 11.) Neofonie was previously granted a remote appearance over Artissimo's objection, and settlement negotiations were not effective. Practitioners widely recognize

that personal attendance is more effective in generating a successful mediation. *E.g.*, § 24:21.Generally, 1 Alt. Disp. Resol. § 24:21 (4th ed.) ("For mediation to be effective, the parties must attend all mediation sessions in person, with full settlement authority.")

It is not unreasonable to require a plaintiff, who is appearing in the forum voluntarily, to come to the forum for a final attempt at settlement before trial. Although the cost of a flight from Germany is no doubt substantial, it is far less than the cost of trial. Nor is this a situation where the in-person attendance requirement burdens only one party; Artissimo's counsel is out-of-state and, while the expense is surely less than that from Germany, this is still an expense that Artissimo is required to bear.

For all of these reasons, Artissimo has resisted Neofonie's efforts to avoid in-person attendance (or perhaps more accurately, its counsel's efforts to avoid even asking his client to attend in person) without first obtaining the Court's permission. Artissimo respectfully requests that the Court enter whatever orders it deems appropriate in this matter to resolve this conflict.

Dated: October 15, 2019

Respectfully submitted,

BY:   */s/ Peter C. Sales*
      Roger G. Jones (TN Bar No. 11550)
      Peter C. Sales (TN Bar No. 25067)
      Kimberly M. Ingram (SBN 305497)
      1600 Division Street, Suite 700
      Nashville, Tennessee 37203
      Telephone: (615) 252-2365
      Facsimile: (615) 252/6365
      rjones@bradley.com
      psales@bradley.com
      kingram@bradley.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, Kimberly M. Ingram, do hereby certify that on this 15th day of October, 2019, a true and correct copy of the foregoing document is being forwarded to the individual listed below in the manner indicated:

**Via CM/ECF System**
Sacha V. Emanuel, Esquire
Emanuel Law
1888 Century Park East, Suite 1500
Los Angeles, California 90067

*/s/ Kimberly M. Ingram*
Kimberly M. Ingram, Esq.