EMANUEL LAW FIRM
Sacha V. Emanuel (State Bar No. 218705)
   semanuel@emanuel.law
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 881-6814
Facsimile: (310) 881-6801

*Attorneys for Plaintiff/Counter-Defendant
Neofonie GmbH*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEOFONIE GMBH, a German corporation,<br><br>             Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ARTISSIMO DESIGNS LLC, a Delaware limited liability company,<br><br>             Defendant/Counter-Plaintiff. | **Case No.: (JDEx) 8:17-cv-00772 CJC**<br><br>**NEOFONIE GMBH'S RESPONSE TO STATUS UPDATE FILED BY ARTISSIMO DESIGNS LLC RE COURT ORDERED MEDIATION** |

Plaintiff/Counter-Defendant, Neofonie GmbH ("Neofonie"), hereby submits the following response to the "Status Update" filed by Defendant/Counter-Plaintiff, Artissimo Designs LLC ("Artissimo"), (Dkt. No. 83).[1]

### A. NEOFONIE ATTEMPTED TO COMPLY WITH THE COURT'S ORDER TO PARTICIPATE IN A SETTLEMENT CONFERENCE.

On September 16, 2019, the Court ordered the parties to, among other things, make a good faith effort to settle the case and participate in a settlement conference before the agreed upon Mediator within 30 days of the Court's order. (See Dkt. No. 77). After the order was filed, Neofonie attempted to comply with the order by researching and suggesting potential mediators and providing dates to Defendant's counsel on which a settlement conference could take place. (See Declaration of Sacha V. Emanuel ¶¶ 5, 7, 8, 9, 10, 14 and Exhibits A, B, C, D, E and F).

### B. DEFENDANT AND/OR ITS COUNSEL FAILED TO COMPLY WITH THE COURT'S ORDER BY INSISTING THAT NEOFONIE COMPLY WITH CERTAIN IMPROPER CONDITIONS AS A PREREQUISITE TO ATTENDING A SETTLEMENT CONFERENCE.

Defendant's counsel refused to agree upon a mediator or a date for a settlement conference unless Neofonie, who is based in Germany, agreed to fly a representative to Los Angeles to attend the settlement conference in person. In support of his position, counsel cited Local Rule 16-15.5(b). However, L.R. 16-15.5(b) provides in pertinent part that:

---

[1] Artissimo's 11 page status update is essentially an improper motion that does not comply with the Local Rules or Scheduling Order. For these reasons, it should be stricken.

> "At the discretion of the settlement officer, and only with the settlement officer's express authorization, parties residing outside the District may have a representative with final settlement authority available by telephone during the entire proceeding, in lieu of personal appearance."

Neofonie, who resides over five thousand miles outside of the Central District, is authorized to have a representative with final settlement authority attend the mediation telephonically as long as the settlement officer authorizes it. In fact, this is how the parties proceeded at the last settlement conference which Neofonie attended by video conference. Neofonie had three representatives in attendance for the entire settlement conference at least one of whom had final settlement authority. Neofonie's appearance by video conference, in lieu of personal appearance, had nothing to do with a settlement not being reached. (See Emanuel Dec. ¶6).

Despite the Local Rule allowing Neofonie to participate in a settlement conference by telephone, Defendant's counsel refused to agree upon a mediator or attend a mediation unless a representative from Neofonie appeared in person. (See Emanuel Dec. ¶11). Neofonie's counsel explained that it would be a financial hardship for Neofonie to send a representative and that it was not required to do so by Local Rule or Order of the Court. Counsel for Neofonie also suggested that the parties agree upon a mediator and let him or her recommend how the attendance should work. (See Emanuel Dec, Exhibit F). Defendant's counsel, however, ignored the Local Rule, the Court's Order, and the suggestions of Neofonie's counsel and continued demanding that Neofonie appear at the mediation in person. He also refused to convey any settlement offers to Neofonie despite Neofonie's request that one be conveyed and the court's Order that the parties attempt to settle.

## C. DEFENDANT'S COUNSEL FAILED TO SEND THE STATUS UPDATE TO NEOFONIE'S COUNSEL PRIOR TO FILING IT IN AN ATTEMPT TO MISLEAD THE COURT.

On October 14, 2019, counsel for Neofonie suggested to Defendant's counsel that any update regarding the mediation process that Defendant's counsel insisted upon filing be joint. Along these lines, counsel for Neofonie requested that he be sent the status update so he could include Neofonie's response therein. (See Emanuel Dec. ¶15). Rather than sending counsel for Neofonie the update, counsel for Defendant filed the update in an attempt to mislead the Court into believing that Neofonie did not comply with the Court's Order and chose not to participate in the preparation of the update.

## D. CONCLUSION

Neofonie attempted to comply with the Court's Order and remains willing to attend a settlement conference in accordance with the Order and Local Rules. Because it is a financial hardship for Neofonie to attend a settlement conference in person, Neofonie should be permitted to attend the settlement conference telephonically or by video conference and will request that the settlement officer allow it to attend in this manner.

Dated: October 16, 2019

Respectfully submitted,

EMANUEL LAW FIRM

By: *Sacha V. Emanuel*
Sacha V. Emanuel
*Attorneys for Plaintiff/Counter-Defendant Neofonie GmbH*